CITY OF CINCINNATI, APPELLEE, *v.* ROBBEN, APPELLANT.

204

(No. C-811039—Decided
December 8, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Rodney Prince,* for appellee.

*Messrs. Roeller & Roeller* and *Mr. Robert K. Roeller,* for appellant.

*Per Curiam.* Defendant-appellant, Anthony Robben, moved for acquittal under Crim. R. 29(A) at the conclusion of the state's evidence in the trial of a charge that defendant violated Cincinnati's assured-clear-distance-ahead ordinance, Cincinnati Municipal Code, Section 506-8 (1979).[1] The court overruled the motion and after defendant had presented his evidence, found him guilty as charged. The single assignment of error is that the court erred as a matter of law in failing to grant the motion "to dismiss." We agree.

When a motion to acquit under Crim. R. 29(A) is overruled, the question is whether, viewing the evidence in a light most favorable to the government, a reasonable mind might fairly find each element of the offense beyond a reasonable doubt. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401].

At the conclusion of the state's case in the trial *sub judice,* the evidence demonstrated that defendant was operating his motorcycle north on Linn Street, Cincinnati, being the second vehicle of three in line approaching the intersection with Sixth Street. The first vehicle was a pickup truck. These northbound vehicles had the green light. A tractor-trailer approaching the intersection from the west (right) did not slow down, ran the red light, and collided with the pickup truck immediately in front of defendant. Defendant applied his brakes and then turned the motorcycle to the ground, where it came to a stop slightly to the right of the damaged truck ahead, part way into the intersection. The motorcycle did not collide with either the pickup truck or the tractor-trailer. No skid marks from the motorcycle were left on the pavement. All damages to the truck were to its front, where it was hit by the tractor-trailer.

Defendant was entitled to acquittal as a matter of law, for two reasons. First, the assured-clear-distance-ahead rule does not apply when another vehicle or object suddenly cuts down the clear distance ahead in the path of travel, without fault of the driver, so as to make it impossible for him, in the exercise of ordinary care, to avoid colliding with that other vehicle or object. *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85 [44 O.O. 97], paragraph two of the syllabus. See *Camco, Inc.* v. *Tobar* (Nov. 18, 1981), Hamilton App. No. C-810035, unreported. The fact that the motorcycle came to rest partially in the intersection is beside the point, because defendant had the green light.

---

[1] The pertinent portion of Section 506-8 reads as follows:

"* * * no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the operator to bring it to a stop within the assured clear distance ahead."

Second, the state's case failed to prove that defendant's motorcycle collided with either of the vehicles ahead of him, even though the clear distance was suddenly reduced without his fault. Construing the evidence most favorably for the government, defendant abandoned his vehicle and let it get beyond his control. It may not have been a proper, "rule-book" stop. Nevertheless, the motorcycle came to a halt before it collided with anything. Logic requires a reasonable mind to come to only one conclusion: defendant was not proceeding at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead.

The single assignment of error has merit. The judgment below is reversed and defendant is discharged.

*Judgment reversed.*

SHANNON, P.J., KEEFE and BLACK, JJ., concur.