### State v.
### Wintersong Village of Delaware, Inc.
*[Cite as 7 AOA 465]*

*Case No. 90AP-372*
*Franklin County, (10th)*
*Decided September 25, 1990*

*Anthony J. Celebrezze, Jr., Attorney General, John A. Guthrie and Donna M. Rogers, for Appellee.*

*Thomas M. Tyack, Thomas M. Tyack & Associates Co., L.P.A., for Appellant.*

BOWMAN, J.

On January 26, 1989, appellant, Wintersong Village of Delaware, Inc. ("Wintersong"), Health Care Data Systems, Health Care Data Systems, Inc. ("HCDS"), Michael Daffin ("Daffin") and Gary Mansell ("Mansell") were indicted for theft, forgery and Medicaid fraud. Prior to the trial, the state dismissed some of the counts in the indictment ana proceeded to trial on the Medicaid fraud charges against four of the defendants:

the individuals Daffin and Mansell, and the corporations Wintersong and HCDS. All four defendants were charged with two counts of Medicaid fraud each. Wintersong was charged with Medicaid fraud relating to the 1986 cost report which was filed on March 26, 1987, as well as its 1987 cost report which was filed on February 29, 1988.

After a trial, the jury found Wintersong guilty of both counts of Medicaid fraud; however, the remaining defendants, Daffin, Mansell and HCDS, were found not guilty of the charges against them. Wintersong filed a motion for judgment of acquittal, pursuant to Crim. R. 29, alleging that the acquittal of Daffin and Mansell precluded Wintersong's conviction from standing. In addition, Wintersong alleged that the finding of guilty was against the manifest weight of the evidence and, in fact, that the evidence was insufficient to permit a finding of guilty. Wintersong's motion was overruled and the court sentenced Wintersong to a fine of $5,000 on each count. Wintersong now brings this appeal and asserts the following assignments of error:

"ASSIGNMENT OF ERROR NUMBER 1
"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 WHERE THE JURY FOUND THE DEFENDANTS, MANSELL, DAFFIN AND HEALTH CARE DATA SYSTEMS, INC. NOT

GUILTY OF THE MEDICAID FRAUD AL-LEGED IN THE COUNTS NAMING WINTERSONG, AND THE ALLEGATION IN THE INDICTMENT IS THAT THE DEFEN-DANTS, DAFFIN AND MANSELL, WERE THE PRINCIPALS WHO ACTED ON BE-HALF OF WINTERSONG AND THE EVI-DENCE IS UNDISPUTED THAT THEY SUBMITTED THE COST REPORTS COM-PLAINED OF BY THE STATE.

*"ASSIGNMENT OF ERROR NUMBER II*
"THE VERDICTS OF THE JURY ARE NOT SUPPORTED BY THE QUANTITY OF EVI-DENCE REQUIRED BY LAW AND, IN FACT, ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Wintersong's assignments of error are relat-ed and will be considered together. In these assignments of error, Wintersong asserts that it cannot be found guilty of Medicaid fraud when Daffin, who serve as President of Wintersong during 1986 and the early half of 1987, and Mansell, who served as Treasurer of Wintersong during 1986 and the early half of 1987, and President and Treasurer of Wintersong during the last half of 1987, were found not guilty of Medicaid fraud. Wintersong also asserts that it cannot be found guilty of Medicaid fraud since HCDS, a corporation owned by Daffin and Mansell which prepared the cost reports submit-ted on behalf of Wintersong, was found not guilty. Wintersong contends that because nei-ther Wintersong's officers, nor the corporation preparing its cost reports, were found guilty of Medicaid fraud, any finding that Wintersong was guilty of Medicaid fraud is against the manifest weight of the evidence. Consequently, Wintersong asserts that the trial court erred when it overruled its motion for judgment of acquittal.

When a question is before a trial court on a defendant's motion for judgment of acquittal, the trial court is required to construe the evi-dence most strongly in favor of the state, the party against whom the motion has been direct-ed. *Cincinnati v. Robben* (1982), 8 Ohio App. 3d 203. See, also, *State v. Uhler* (1979), 61 Ohio Misc. 37, 402 N.E. 2d 556. Crim. R. 29(A) provides that the trial court, upon motion of a defendant after the evidence on either side is closed, shall order the entry of a judgment of acquittal of the offense charged in the indict-ment if the evidence is insufficient to sustain a conviction of the offense.

A reviewing court may not reverse a judg-ment of conviction in a criminal case where the guilty verdict was returned by the trier of fact on sufficient evidence and no prejudicial error occurred in the trial of the case *State v. DeHass* (1967), 10 Ohio St. 2d 230. Thus, the standard of review is limited to a determination of whether there is sufficient evidence to support a finding of guilty. *State v. Stewart* (1964), 176 Ohio St. 156, certiorari denied, *Stewart v. Ohio* (1964), 379 U.S. 947. However, where the evi-dence is such that the evidence offered by the prosecution in support of the elements of the offense charged is so insubstantial and insuffi-cient, and of such slight probative value, that it is not proper to make a finding beyond a rea-sonable doubt that appellant committed all of the acts constituting the elements of the of-fense, a reviewing court must reverse, rather than affirm, the conviction. *Cf. State v. Barnes* (1986), 25 Ohio St. 3d 203, certiorari denied, *Barnes v. Ohio* (1987), 480 U.S. 926. This court's task is to determine whether the state's evi-dence was sufficient to establish beyond a reasonable doubt that Wintersong was guilty of Medicaid fraud.

Wintersong was charged with Medicaid fraud pursuant to R.C. 2913.40(B), which pro-vides:

"(B) No person shall knowingly make or cause to be made a false or misleading state-ment or representation for use in obtaining reimbursement from the medical assistance program."

The circumstances required to impose crimi-nal liability on a corporation is defined in R.C. 2901.23(A)(4), which provides:

"(A) An organization may be convicted of an offense under any of the following circumstanc-es:

"***

"(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was *authorized, request-ed, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting in behalf of the organization and within the scope of his office or employment."* (Emphasis added.)

In *State v. CECOS Internatl., Inc.* (1988), 38 Ohio St. 3d 120, the Supreme Court interpreted R.C. 2901.23(A) (4) and held, at paragraph one of the syllabus:

"Pursuant to R.C. 2901.23(A)(4), a business entity may be found guilty of a criminal offense *only if* the criminal act or omission was approved, recommended, or implemented by high managerial personnel with actual or implied authority to approve, recommend or implement same. High managerial personnel are those who make basic corporate policies." (Emphasis added.)

Thus, in order for a corporation to be found guilty of a criminal offense, the criminal act or omission must have been approved, recommended, or implemented by an individual who makes basic corporate policies.

In this case, the jury found that the President and Treasurer of Wintersong were not guilty of Medicaid fraud. Daffin and Mansell had the actual or implied authority to make basic corporate policies and the jury found that they did not approve, recommend, authorize, request or perform acts or omissions which constituted Medicaid fraud. A corporation can only act through its officers and, in this case, because Daffin and Mansell were acquitted of Medicaid fraud, Wintersong cannot now be held criminally liable for conduct of which its own officers were found not guilty. Accordingly, this court finds that there is insufficient evidence permitting the jury to find Wintersong guilty beyond a reasonable doubt of knowingly making or causing to be made false or misleading statements or representations for use in obtaining reimbursement from the medical assistance program. Pursuant to *CECOS, supra,* Wintersong may only be found guilty of criminal conduct if its high managerial personnel approved, recommended, or implemented the actions involving the criminal offense. In this case, since the jury found the President and Treasurer of Wintersong not guilty of Medicaid fraud, the corporation cannot now be found guilty of Medicaid fraud, and the trial court erred in overruling Wintersong's Crim. R. 29 motion of acquittal.

For the foregoing reasons, Wintersong's two assignments of error are sustained, the judgment of the trial court is reversed and Wintersong is discharged.

*Judgment reversed.*

REILLY, P.J., and JONES, J., concur.

JONES, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.