The STATE of Ohio, Appellee,

v.

HURD, Appellant.

[Cite as *State v. Hurd* (1991), 74 Ohio App.3d 94.]

Court of Appeals of Ohio,
Portage County.

No. 90–P–2150.

Decided May 13, 1991.

*David W. Norris,* Prosecuting Attorney, and *Thomas R. Buchanan,* Assistant Prosecuting Attorney, for appellee.

*Thomas A. Cox,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

On September 11, 1989, at approximately 10:30 p.m., Peggy Jones took her daughter, Laura Jones, age eleven, and Laura's friend, Belinda Lovejoy, age twelve, to the Giant Eagle supermarket on Main Street in the city of Ravenna, Ohio. Peggy Jones went into the store by herself, leaving the two girls alone in her car.

Appellant, James L. Hurd, approached the car from the passenger side and asked the girls if they had something going on in the car and, if not, that he did. The girls were frightened and did not respond. They rolled up the windows and locked the doors. Appellant proceeded to his own car and drove away, but not before Belinda wrote down his license number on her hand.

Peggy Jones, who had been in the store for approximately ten minutes, returned to her car and found the girls upset and honking the horn. They explained what had transpired, whereupon Mrs. Jones walked to a pay phone

in the parking lot to call the police. While she was on the telephone, appellant drove his car next to the Jones car and again began talking to the girls. He asked them if they wanted to go to a party at a friend's house. Mrs. Jones saw appellant's car pull up next to her own car and she began to yell at appellant from across the parking lot. Appellant began to drive away and Mrs. Jones chased him on foot.

Based on a description of the vehicle, appellant was stopped by Ravenna police at a nearby supermarket. Mrs. Jones and the girls were transported to the scene, whereupon they positively identified appellant and his car. Appellant was arrested and charged with criminal child enticement in violation of R.C. 2905.05.

A jury trial was held on November 9, 1989. At the close of the state's case, appellant moved for an acquittal pursuant to Crim.R. 29. Said motion was denied. Appellant presented no evidence on his own behalf. Appellant was found guilty and sentenced to six months in jail.

Appellant timely filed a notice of appeal, and execution of appellant's sentence was stayed pending appeal. Appellant assigns the following as error:

"The trial court erred in failing to grant the defense's motion for directed verdict which was requested on the weight of the evidence and the resulting jury verdict is against the weight of the evidence."

In the sole assignment of error, appellant contends that the trial court erred in failing to grant his motion for an acquittal since the state failed to prove all the elements of the charged offense.

As far as is applicable to this case, Crim.R. 29(A) states the following:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is *insufficient* to sustain a conviction of such offense or offenses.  * * *"  (Emphasis added.)

It is evident from the foregoing that we are dealing with a sufficiency of evidence question rather than the weight of the evidence as stated by appellant.

"When a motion to acquit under Crim.R. 29(A) is overruled, the question is whether, viewing the evidence in a light most favorable to the government, a reasonable mind might fairly find each element of the offense beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261 [9 O.O.3d 401, 381 N.E.2d 184]." *Cincinnati v. Robben* (1982), 8 Ohio App.3d 203, 204,

8 OBR 274, 275, 456 N.E.2d 1255, 1275. See, also, *State v. Ryan* (Jan. 22, 1988), Ashtabula App. No. 1316, unreported.

In the case *sub judice*, appellant was charged with criminal child enticement pursuant to R.C. 2905.05. That section provides, in pertinent part:

"(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to enter into any vehicle, as defined in section 4501.01 of the Revised Code, whether or not the offender knows the age of the child, if both of the following apply:

"(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity;

"(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, he is not acting within the scope of his lawful duties in that capacity."

Appellant asserts that the state failed to produce any evidence, pursuant to R.C. 2905.05(A)(2), that appellant was not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, or that appellant was not an employee or agent of, or a volunteer acting under the direction of, any board of education.

Appellant's assertion, however, is not supported by the evidence in the record. Appellee clearly established that there was no emergency of any kind. The girls in the car were doing nothing that would warrant the assistance of a police officer, medic, firefighter, or other person who regularly provides emergency services; nor was there any reason why an employee of the board of education would have confronted the girls on the night in question. Thus, even if appellant did fall into one of the above categories of professionals, he clearly was not acting within the scope of his lawful duties.

Additionally, state's Exhibit A, which is a transcript of an interview with appellant conducted by a detective with the Ravenna Police Department on the night appellant was arrested, and which was admitted into evidence at trial, indicates that appellant's version of the events that occurred is not consistent with those of a police officer, medic, firefighter, or other person who regularly provides emergency services; nor is there any indication that appellant was representing the board of education.

Further, the evidence indicates that appellant did not identify himself as a police officer, medic, firefighter, or other person who regularly provides emergency services, or as an agent or employee of the school board.

Alternatively, pursuant to R.C. 2901.05(C), it is this court's opinion that the exceptions set forth in R.C. 2905.05(A)(1) and (2) are not elements of the crime but, rather, affirmative defenses to the crime. R.C. 2901.05(C) provides:

"As used in this section, an 'affirmative defense' is either of the following:

"(1) A defense expressly designated as affirmative;

"(2) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence."

Subsection (2) places the burden on the defendant to prove any excuse or justification peculiarly within his or her knowledge.

In the present case, once it was established that appellant, without privilege to do so, knowingly solicited, coaxed, enticed, or lured any child under the age of fourteen to enter into any vehicle, the burden shifted to appellant to prove that he enjoyed a statutorily unique status pursuant to R.C. 2905.05(A)(2). Appellant failed to meet this burden and, therefore, the trial court did not err in overruling his motion for acquittal because, at the close of the appellee's presentation of evidence, there certainly was sufficient evidence before the court and jury for the court to overrule appellant's motion for acquittal.

Appellant's sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.