OPINION
Defendant/Appellant, Ralph Boggess appeals the judgments of the Marion Municipal Court following a jury trial finding Boggess guilty of one count of leaving the scene of an accident (a violation of R.C. 4549.021), one count of driving under suspension (a violation of R.C. 4507.02), one count of operating a motor vehicle while under the influence of alcohol (a violation of Marion Municipal Code 4511.19(A)(1)), and one count of unauthorized use of a vehicle (a violation of R.C. 2913.03).
During the late afternoon hours of October 10, 1996 David Luyster drove his 1981 Ford truck to the DC Garage on Main Street in Marion, Ohio. Mr. Luyster went into the garage where he, Boggess and at least one other person drank several beers over the next few hours. At approximately 7:00 p.m. Luyster and Boggess walked to a bar where they continued drinking beer for another hour. The two men then walked to a second bar to continue drinking. Luyster left the second bar approximately one hour later. Boggess remained at the bar when Luyster left. Luyster eventually reported to work at the Marion Eagles shortly after midnight. Luyster's truck remained at the DC Garage unlocked with the key to the ignition on the floorboard.
Shortly after 1:30 a.m. on October 11, 1996, Luyster's truck was involved in an accident in Marion. The driver of the truck struck several parked cars, and walked or ran away from the scene of the accident. Although nobody saw Boggess actually driving or exiting Luyster's truck, one witness saw Boggess standing a few feet away from an open driver's door seconds after the accident. A responding officer picked Boggess up a short distance from the accident. Boggess was walking away from the direction of the accident. The officer noted that Boggess was intoxicated and had two fresh cuts on his nose.
Although Boggess contends that he was not driving Luyster's truck the Marion Police Department cited Boggess for leaving the scene of an accident, driving under suspension, operating a motor vehicle while under the influence of alcohol, unauthorized use of a vehicle, and failure to control a motor vehicle.
On June 11, 1997 the Marion Municipal Court held a jury trial on each violation except failure to control which the court decided. The jury found Boggess guilty of each violation. For the offense of operating a vehicle while under the influence of alcohol the court sentenced Boggess to 180 days of incarceration, 150 days suspended, a fine of $1,000 with $250 suspended, and a three year suspension of his driver's license. The court sentenced Boggess to 20 days in jail, 10 days suspended, and a $500 fine, $250 suspended, for driving under suspension. For leaving the scene of the accident the court sentenced Boggess to 30 days in jail, 27 days suspended, and a $500 fine, $250 suspended. Finally, the court sentenced Boggess to 30 days in jail, 27 days suspended, and a $500 fine, $250 suspended, for the unauthorized use of a motor vehicle. The sentences of incarceration for driving under suspension and leaving the scene of an accident are consecutive to the sentence for operating a motor vehicle while under the influence of alcohol. The sentence for unauthorized use of a vehicle is to be served concurrent to the other sentences.
This appeal follows with Boggess asserting one assignment of error.
Assignment of Error
 Defendant's conviction was not supported by sufficient credible evidence. The trial court erred in denying Defendant's Motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 Boggess makes two similar, but distinguishable, contentions in his assignment of error. First, Boggess contends that his convictions were not supported by sufficient evidence. Secondly, Boggess contends that the trial court erred by not granting Boggess an acquittal for each offense pursuant to Criminal Rule 29. Boggess only argues the merits of the claim that the trial court erred by not acquitting him of each offense pursuant to Criminal Rule 29. For that reason, we will only address that contention.
The standard for determining whether the trial court erred in failing to grant Boggess' Criminal Rule 29 motions to dismiss is as follows:
Criminal Rule 29 states in relevant part:
 "(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 "When a question is before a trial court on a defendant's motion for judgment of acquittal, the trial court is required to construe the evidence most strongly in favor of the state, the party against whom the motion has been directed." State v. Fyffe
(1990), 67 Ohio App.3d 608, 613; Cincinnati v. Robben
(1982), 8 Ohio App.3d 203, paragraph one of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus.
In the present case, the trial court, after viewing the evidence in a light most favorable to the state, found that a rational trier of fact could have found the elements of the alleged offenses were proven beyond a reasonable doubt.
Before we address whether the state satisfied its burden with regard to the individual offenses, we will review the transcript to determine whether the evidence establishes that Boggess was the driver of the truck involved in the accident.
Luyster parked his truck at the DC Garage in the late afternoon hours of October 10, 1996. (Luyster, Trial Transcript pp. 14-15). Luyster left the vehicle unlocked with the key to the ignition on the floorboard. (Luyster, Trial Transcript pg. 15). Luyster spent the next several hours with Boggess at the DC Garage and a few local taverns immediately after parking his truck. (Luyster, Trial Transcript pp. 16-19). When Luyster and Boggess separated for the evening, Boggess was in a tavern located very near Luyster's parked truck. See (Luyster, Trial Transcript pg. 19).
The next time Boggess is identified by any witness is immediately after the accident in the early morning hours of October 11, 1996. A witness heard the accident from his apartment, looked out the window, and saw Luyster's truck strike a few parked vehicles. (Taylor, Trial Transcript pg. 33). The witness left the window to call the police. (Taylor, Trial Transcript pg. 34). Approximately ten to thirty seconds later the witness returned to the window and saw a man, later identified as Boggess, standing three feet away from an open driver's door on the truck. (Taylor, Trial Transcript pg. 34). Boggess began walking away from the accident scene cursing to himself. (Taylor, Trial Transcript pp. 35, 45). The witness did not see any other people in the vicinity of the truck. (Taylor, Trial Transcript pg. 45).
A police officer en route to the accident scene stopped Boggess approximately two blocks from the accident. (Bales, Trial Transcript pg. 66). Boggess had two fresh cuts on his nose. (Bales, Trial Transcript pg. 67). No other people were seen in the vicinity of the accident by the witness or the three police officers who reported to the accident in the vicinity of the accident. Additionally, Luyster, the truck's owner testified that he was at work during the time the accident occurred. (Luyster, Trial Transcript pg. 24).
Construing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that Boggess was the driver of Luyster's truck at the time of the accident. Therefore, we can now properly evaluate whether the evidence presented also satisfied the prima facie elements of the offenses Boggess allegedly committed.
R.C. 2913.03(A) provides in relevant part:
 "No person shall knowingly use or operate a * * * motor vehicle * * * without the consent of the owner or person authorized to give consent."
 Construing the evidence in a light most favorable to the prosecution in the present case reveals that Boggess knowingly operated Luyster's truck without consent. An officer with the Marion City Police Department testified that Luyster went to the police station at 6:40 a.m. on October 11, 1996 to report that Boggess had used Luyster's truck without his permission. (Clewell, Trial Transcript pg 10). We stated that the evidence already established that the evidence sufficiently established that Boggess drove Luyster's truck at the time of the accident. Coupled with the evidence that this was done without the owner's permission, the prosecution satisfied its burden in overcoming a Criminal Rule 29 motion with regard to the charge of the unauthorized use of a vehicle.
Boggess stipulated at the time of trial that he did not have a valid operator's license at the time of the accident. Therefore, having established that Boggess drove Luyster's truck on October 11, 1996, the trial court properly overruled a Criminal Rule 29 motion with regard to the charge of driving under suspension.
Boggess was also cited for violating Marion Municipal Code4511.19(A)(1), operating a motor vehicle while under the influence of alcohol. Boggess stipulated at the time of trial that he was under the influence of alcohol at the time of the incident. Therefore, having established that Boggess drove Luyster's truck on October 11, 1996, the trial court properly overruled a Criminal Rule 29 motion with regard to the charge for operating a motor vehicle while under the influence of alcohol.
The last offense Boggess appeals is the charge of leaving the scene of an accident. R.C. 4549.021, the code section Boggess allegedly violated, states in pertinent part:
 "In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give such person his name and address, and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit his driver's or commercial driver's license." (emphasis added.)
 The undisputed evidence in the present case demonstrates that this incident occurred on a public street in Marion. A review of the statute clearly identifies R.C. 4549.021 as prohibiting a driver of a motor vehicle from leaving the scene of an accident when that accident occurs on public or private property other than public roads or highways.
Although this apparent oversight could have been remedied at any time before or during trial, it never was. The trial court even instructed the jury that the accident had to occur on public or private property other than public roads or highways. Therefore, the State failed to produce sufficient evidence that Boggess committed the offense of leaving the scene of an accident, as stated in R.C. 4549.021.
In sum, the judgments of the Marion Municipal Court denying Boggess' Criminal Rule 29 motions to dismiss with regard to the offenses of the unauthorized use of a vehicle, driving under suspension, and operating a motor vehicle while under the influence of alcohol are affirmed. The judgment of the Marion Municipal Court denying Boggess' Criminal Rule 29 motion to dismiss with regard to the offense of leaving the scene of the accident, as stated in R.C. 4549.021, is reversed. We remand that portion of this appeal with instructions to vacate Boggess' conviction and sentence for leaving the scene of an accident.
Judgment from appeals No. 9-97-47, 9-97-48 and 9-97-49 areaffirmed.
 Judgment from appeal No. 9-97-50 is reversed and causeremanded.
SHAW, P.J., and EVANS, J., concur.