OPINION
Defendant-appellant, Michael Smith, appeals his conviction in the Hamilton Municipal Court for criminal child enticement, a violation of R.C. 2905.05. We affirm the decision of the trial court.
Appellant was driving his truck on Laurel Avenue in Hamilton when he stopped to ask thirteen-year-old Kelly Mason for directions to Dixie Burger. Kelly was in Lloyd Schultz's yard at the time. Schultz proceeded to give appellant directions to Dixie Burger. Kelly then walked across the street to a church parking lot.
Appellant walked across the street and asked Kelly for directions to White Castle. After getting directions, appellant asked Kelly if she would like to go to his truck for a smoke. Kelly replied, "no." Appellant then asked Kelly if she would like to go to his truck for a beer. She replied, "no." Kelly became frightened and ran away to a friend's house. At the friend's house, Kelly phoned her parents. Her parents phoned the police and reported the incident and then attempted to find appellant's truck to get the license plate number.
Hamilton Police Officer Ross Sherman testified that he was on routine patrol when he received a call over the radio about a possible abduction on Laurel Avenue. He proceeded southbound on Erie Highway and saw a red truck in the White Castle parking lot fitting the description given by Kelly. Appellant came out of White Castle and Officer Sherman stopped him and asked appellant to have a seat in his cruiser. At the same time, another officer was interviewing Kelly on Laurel Avenue. Kelly was brought to the White Castle parking lot and she identified appellant and his truck.
At trial, appellee called Lloyd Schultz as a witness. Appellant objected to his testimony because he had not been listed as a witness in discovery. The court did not allow his testimony. Appellee rested and appellant made a motion for acquittal under Crim.R. 29. The court overruled the motion.
Appellant then took the stand and testified. Appellee called Keith Mason and Schultz as rebuttal witnesses. Appellant objected to the testimony of both rebuttal witnesses because they had not been listed as witnesses in discovery. The objection was overruled. Keith and Schultz both testified and were cross-examined.
The court found appellant guilty as charged for enticing Kelly to enter his vehicle. Appellant appeals the conviction raising four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S RULE 29 MOTION AT THE CLOSE OF APPELLEE'S CASE.
In reviewing a ruling on a Crim.R. 29, the reviewing court construes the evidence in a light most favorable to the state. State v. Wolfe
(1988), 51 Ohio App.3d 215. Denying the motion is proper if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. Id.
Appellant was charged with criminal child enticement pursuant to R.C.2905.05. That section provides, in pertinent part:
 (A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to enter into any vehicle, as defined in section 4501.01 of the Revised Code, whether or not the offender knows the age of the child, if both of the following apply:
 (1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity;
 (2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, he is not acting within the scope of his lawful duties in that capacity.
Appellant asserts that appellee failed to produce any evidence, pursuant to R.C. 2905.05(A)(1), that appellant did not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity. Appellant also asserts that appellee failed to produce any evidence, pursuant to R.C. 2905.05(A)(2), that appellant was not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, or that appellant was not an employee or agent of, or a volunteer acting under the direction of, any board of education.
The evidence in the record, however, does not support appellant's assertions. Appellee clearly established that there was no parental permission for appellant to offer Kelly cigarettes and beer. Kelly testified that her parents "looked outside to try to find [appellant's] license plate number," and then they "took off in their car and went looking for" appellant's truck. There would be no reason for Kelly's parents to chase after appellant in order to discover his identity if he had permission to offer Kelly a cigarette, beer, and a ride in his truck.
Appellee also clearly established that there was no emergency of any kind. Kelly was doing nothing in the church parking lot that would warrant the assistance of a police officer, medic, firefighter, or other person who regularly provides emergency services; nor was there any reason why an employee of the board of education would have confronted Kelly on the day in question. Thus, even if appellant did fall into one of the above categories of professionals, he clearly was not acting within the scope of his lawful duties.
Once it was established that appellant, without privilege to do so, knowingly solicited, coaxed, enticed, or lured any child under the age of fourteen to enter into any vehicle, the burden shifted to appellant to prove that he enjoyed a statutorily unique status pursuant to R.C. 2905.05
(A)(1) and (A)(2). See State v. Hurd (1991), 74 Ohio App.3d 94. Appellant failed to meet this burden and, therefore, the trial court did not err in overruling his Crim.R. 29 motion because, at the close of the appellee's presentation of evidence, there certainly was sufficient evidence before the court to overrule appellant's motion. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ALLOWING LLOYD SCHULTZ TO TESTIFY AS A REBUTTAL WITNESS.
Appellant claims that the trial court erred when it allowed appellee to call Schultz as a rebuttal witness because he was not listed as a witness in any of appellee's discovery responses. Appellee acknowledges that it did not list Schultz as a witness in its discovery responses, but argues that it could not foresee its need to call Schultz as a rebuttal witness until appellant himself testified.
Crim.R. 16 governs discovery. Upon a proper demand, the state should furnish the names of all witnesses it reasonably anticipates it is likely to call, whether in its case-in-chief or in rebuttal. Id.
As set forth in Crim.R. 16(E)(3), exclusion of testimony is only one sanction among many which a court may impose. Determination of which sanction to impose is within the sound discretion of the trial court.State v. Wamsley (1991), 71 Ohio App.3d 607, 610. This court will not reverse the trial court unless there was an abuse of discretion. Id. An "abuse of discretion" connotes more than an error of law or judgment; it necessitates the finding of an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
Where a potential prosecution witness is not named by the state on a witness list pursuant to Crim.R. 16 (B)(1)(e), a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefited the accused in the preparation of his defense, or (3) that the accused was unfairly prejudiced. State v.Scudder (1994), 71 Ohio St.3d 263, 269, certiorari denied, (1995),515 U.S. 1164, 115 S.Ct. 2623.
We find the trial court did not abuse its discretion in allowing Schultz's testimony. First, a review of the record fails to show appellant willfully violated Crim.R. 16. We are convinced that appellant inadvertently failed to disclose Schultz on the witness list by the surprise the prosecutor exhibited when appellant's counsel asked to approach the bench upon calling Schultz as a witness and then by Schultz being asked to step down. Second, we do not believe that foreknowledge would have aided appellant in the preparation of his defense. Schultz's testimony mirrored Kelly's testimony. Appellant was prepared for Kelly's testimony. Accordingly, we are not persuaded that appellant was unduly surprised by Schultz's testimony. Third, appellant has failed to show that he was unfairly prejudiced by the admission of the testimony of Schultz. Furthermore, appellant never requested a continuance to prepare for Schultz's testimony even though a continuance would have been sufficient to rectify any claimed harm.
A trial court does not have to exclude the testimony of a rebuttal witness that is not named by the state on a witness list when the defendant objects to such witness' appearance, but fails to request a continuance, recess, or an opportunity to voir dire the witness, and the cross-examination of the witness is vigorous and complete. State v.Howard (1978), 56 Ohio St.2d 328, at 333-334. In the absence of a motion for a continuance, the trial court properly concluded that defense counsel was prepared to go forward at that time. State v. Finerty
(1989), 45 Ohio St.3d 104, 108.
Furthermore, appellant opened the door for rebuttal witnesses when he testified for the first time that Schultz was not present on the day in question and that when he left the scene of the incident he drove "toward Dixie Highway and took a left." Schultz testified that he was at the scene and gave appellant directions to Dixie Burger and that appellant left the scene driving "toward Pleasant Avenue" and then he "turned right."
Based upon the foregoing authorities, and appellant's failure to request a continuance, a recess, or to conduct voir dire, we are persuaded that the trial court did not abuse its discretion in allowing Schultz's rebuttal testimony. Accordingly, the second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING HIM GUILTY OF THE OFFENSE OF CRIMINAL CHILD ENTICEMENT AS THE EVIDENCE WAS INSUFFICENT TO SUPPORT A GUILTY FINDING.
Kelly testified that appellant told her "he had a smoke in his car, if I wanted to smoke." Kelly testified that after telling appellant she did not want a cigarette, "then he told me he had beer, if I wanted to go drink." There is sufficient evidence to demonstrate appellant knowingly tried to solicit, coax, entice, or lure Kelly to enter into his vehicle. Evidence that appellant offered a thirteen-year-old a ride in his vehicle is sufficient to support conviction for criminal enticement of a child. See State v. Kroner (1988), 49 Ohio App.3d 133; R.C. 2905.05. There was sufficient evidence to support a conviction for criminal enticement of a child. Therefore, the third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ORDERING HIM TO STAY OUT OF HAMILTON AS A CONDITION OF HIS PROBATION.
The trial court has broad discretion in selecting conditions of probation, "in the interests of doing justice, rehabilitating the offender, and insuring his good behavior." R.C. 2951.02(C). However, the court abuses its discretion if the terms bear no reasonable relation to the offender's conduct and are unduly oppressive. State v. Livingston
(1976), 53 Ohio App.2d 195, 196-197.
The Ohio Supreme Court in State v. Jones (1990), 49 Ohio St.3d 51,52-53, adopted the three-part test as articulated in Livingston, for determining whether a condition of probation is unreasonable, and thus invalid. The Jones court held that,
 [i]n determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.
Jones, 49 Ohio St.3d at 53.
In this case, we are asked to review the condition of probation which precludes appellant from being present within the city of Hamilton, a condition which clearly limits his freedoms of travel and association.
First, we find that precluding appellant from being present within the city of Hamilton will prevent appellant from contact with his family in Hamilton and does not serve to rehabilitate appellant. Thus, the complained of condition of probation fails to meet the first requirement of the Jones test. Next, we find that the condition fails the second requirement of the Jones test as the condition is unrelated to the crime of which appellant was convicted: criminal enticement. Finally, we find that the condition fails the third requirement of the Jones test, as appellant's presence in the city of Hamilton does not relate to conduct which is criminal or even arguably related to future criminality. Accordingly, we find the complained of condition of probation is unreasonable under the circumstances of this case. See Village of ChagrinFalls v. Wallace (Mar. 2, 2000), Cuyahoga App. No. 75640, unreported (prohibiting appellant from Chagrin Falls deemed unreasonable); State v.Jahnke (Jan. 31, 2002), Franklin App. No. 01AP-916, unreported (prohibiting appellant from contact with girlfriend and family for probationary period deemed unreasonable); State v. Glover (July 22, 1999), Licking App. No. 99-CA-0028, unreported (prohibiting appellant from entering a retail establishment for probationary period deemed unreasonable); State v. Green (Mar. 26, 1999), Lake App. No. 98-L-023, unreported (prohibiting appellant from any place that serves alcohol deemed unreasonable).
However, we note appellant invited the error. Appellant informed the court, "I can go to Kentucky, your Honor, and stay with my brother. If you want to barr [sic] me from town, I just want to do what's right." Under the invited error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced." Statev. Bey (1999), 85 Ohio St.3d 487, 493, quoting Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus. Therefore, appellant is precluded from raising this issue on appeal. As such, appellant's fourth assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.