OPINION
{¶ 1} Defendant-appellant, Torrel E. Cannaday ("appellant"), appeals from the January 14, 2004 judgment and sentence of the Franklin County Court of Common Pleas upon a jury verdict finding him guilty of one count of domestic violence, in violation of R.C. 2919.25, a felony of the fifth degree. For the following reasons, we affirm.
 {¶ 2} The facts adduced at trial consist of the following. On March 22, 2003, Bexley Police Officer, Bernard Robert Hanna ("Hanna"), responded to a 911 call near the intersection of Cassady Avenue and Caroline Avenue. Upon his arrival, he observed a man and a woman "struggling," and the woman fall to the ground. (Tr. at 12, 14.) Hanna testified that these events ensued "rather quickly." Id. at 14.
 {¶ 3} Hanna activated his spotlight on his police cruiser and witnessed the woman on the ground and the man standing over her. Hanna exited his police cruiser and observed two unidentified men walking towards the couple, who later indicated to Hanna that they had witnessed the altercation and were trying to help the woman.[1] As Hanna approached the man and the woman, he said "something like hey, what's going on, what are you guys doing." Id. at 15. In response, the man who had been in the struggle, later identified as appellant, ran from the scene. Hanna stayed with the woman and reported on his police radio that the suspect was running northbound through the neighborhood.
 {¶ 4} Hanna testified that the woman identified herself to him as Donna Thompson ("Thompson.") Hanna described Thompson's demeanor as "pretty upset" and noted she "looked like she was in a fight or argument." Id. at 16. Further, Hanna testified Thompson was shaking, crying and that she had a "swollen lip starting, an injury on her face." Id.
 {¶ 5} Over objection of defense counsel, Hanna offered testimony regarding the details of the incident relayed to him by Thompson:
She said she got in a fight with her husband. They were arguing in the car. They had earlier been at a bar I guess in the area, and got in a fight over seeing one of her ex boyfriends. Her and her husband were back together, they ran into the ex-boyfriend. He became upset about that. As they left the bar they continued the argument in the vehicle.
At this point, sometime in the vehicle, he hit her, hit her in the face. And she struggled a little bit in the car, and she either asked him to stop or he stopped. As that happened she exited the car, began to walk away which was right in that area.
He parked the car and then continued after her, just with the argument.
Id. at 18-19.
Hanna testified that two officers responded to his call for backup and located the suspect "a few houses down." Id. at 20. When the officers brought the suspect back to the scene of the incident, Hanna positively identified him as "the man that I saw running." Id. at 21. Hanna identified appellant as the suspect involved in the incident in open court. Id.
 {¶ 6} Officer Benjamin Vermaaten ("Vermaaten"), of the Bexley Police Department, testified he responded to a disturbance call in the area of Caroline Avenue and Cassady Avenue on the day of the incident. Upon his arrival, Vermaaten spoke with Hanna and began searching for the suspect. After a short chase by car and on foot, Vermaaten and Officer Ron Kenefic apprehended the suspect one block from the scene of the incident.
 {¶ 7} After Vermaaten's testimony, the parties entered into a stipulation that on November 25, 2002, appellant was convicted of negligent assault, a misdemeanor of the third degree, against Donna Thompson, a family or household member.
 {¶ 8} At the close of the State's case, the defense moved for an acquittal pursuant to Crim.R. 29. Specifically, defense counsel contended the State did not prove beyond a reasonable doubt that Thompson was a family or household member of appellant. Appellant's trial counsel emphasized that Thompson did not testify, and argued that a previous conviction involving "a Donna Thompson is not evidence that this is the same Donna Thompson that is a current family member or household member." Id. at 41. In response, the State argued that the police identified Thompson at the scene of the incident. Further, the State asserted that Thompson told the police her husband assaulted her. Construing this evidence in a light most favorable to the prosecution, the State contended Thompson qualified as a family or household member of appellant. The trial court denied defense counsel's motion because of Hanna's testimony that Thompson said the "assault occurred by her husband." Id. at 45.
 {¶ 9} Thereafter, appellant's trial counsel renewed his objection on the record regarding the admissibility of Thompson's statements offered through Hanna. In support, appellant argued that even if Thompson's statements as offered through Hanna were admissible as excited utterances, the testimony that she got into a fight with her husband was inadmissible because it was not information necessarily elicited by virtue of an excited utterance. The court ruled the statements were admissible under the authority of State v. Wallace (1988),37 Ohio St.3d 87, 524 N.E.2d 466.[2]
 {¶ 10} Thompson testified on behalf of the defense. Thompson stated she and appellant had been married for four years, had two children, and lived together at the time of the incident. Id. at 49, 56-57. Thompson acknowledged that on the date of the incident, she and appellant were drinking at two different bars and that they got into an argument about her ex-boyfriend. Id. at 62. Thompson testified she and appellant eventually parked their car on the side of the street not far from their home and continued to argue. She got out of the car to walk home and appellant followed her. After they saw the police arrive, Thompson testified that appellant "took off" because "both of us had a stay away order." Id. at 52. Thereafter, Thompson testified that she was "walking and staggering, and I probably fell." Id. at 53. As a result, Thompson indicated she sustained an injury to her bottom lip. Thompson testified she lied when she told the police on the date of the incident that appellant pushed her on the ground.
 {¶ 11} On cross-examination, Thompson was questioned about the written statement she made to the police that evening, in which she stated that appellant punched her in the mouth and covered her mouth so she could not breathe. Id. at 63-64. Further, Thompson admitted she was the victim of the incident which resulted in appellant's conviction for negligent assault in November 2002. During redirect examination, Thompson testified that when she told the officer appellant punched her and covered her mouth, she was "upset, angry, hurt and probably a little disoriented." Id. at 67.
 {¶ 12} At the conclusion of trial, the jury found appellant guilty of the charged offense, and further found the State proved appellant had one prior conviction for negligent assault as alleged in the indictment, both specified in the jury verdict. After the jury reached its verdict, on November 25, 2003, appellant filed a motion entitled "Motion to Dismiss Indictment" in which he renewed his motion for acquittal pursuant to Crim.R. 29(C). The court never expressly ruled on appellant's motion to dismiss the indictment.
 {¶ 13} On January 14, 2004, the trial court imposed a judgment of eleven months of imprisonment, with 75 days jail time credit.
 {¶ 14} Appellant sets forth two assignments of error for our review:
1. The trial court erred by allowing the hearsay statement, "she got into a fight with her husband." into evidence as an excited utterance exception to Rule 801 of the Ohio Rules of Evidence on Hearsay.
2. The trial court erred by finding that the State of Ohio proved the elements of Ohio Revised Code Section 2919.25.
 {¶ 15} In appellant's first assignment of error, he challenges the court's admission of Hanna's testimony regarding Thompson's out of court statement, "she got into a fight with her husband" into evidence. Appellant asserts that the admission of Thompson's statement through Hanna violates both the prohibition against the admission of hearsay, and the Confrontation Clause of the Sixth Amendment to the United States Constitution.[3]
 {¶ 16} First, appellant contends the trial court erred by admitting Thompson's out of court statement into evidence as an excited utterance. Appellant contends the alleged assault occurred as he and Thompson were traveling in their car, and that significant time had lapsed until the time Hanna spoke with Thompson. Thus, appellant asserts Thompson's statement to Hanna was the product of her reflective thought and was in response to a direct question made by a police officer investigating the incident.
 {¶ 17} Furthermore, appellant alleges Thompson's mental and physical condition amplify that her statements to the police were untrustworthy and unreliable. Appellant emphasizes that Thompson was intoxicated at the time she made the statement to Hanna. Further, appellant asserts that Thompson was upset, angry and disoriented when she told the police that appellant punched her and covered her mouth.
 {¶ 18} Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." While hearsay is generally inadmissible, excited utterances, or "statements relating to a startling event or condition made while the declarant [is] under the stress of excitement caused by the event or condition" are excluded from the hearsay rule. Evid.R. 803(2). Excited utterances are admissible because they are "the product of reactive rather than reflective thinking and thus, are believed inherently reliable." State v. Ducey, Franklin App. 03AP-944, 2004-Ohio-3833 at ¶ 17, citing State v. Taylor (1993),66 Ohio St.3d 295, 300, 612 N.E.2d 316. "Reactive excited statements are considered more trustworthy than hearsay generally on the dual grounds that, first, the stimulus renders the declarant incapable of fabrication and, second, the impression on the declarant's memory at the time of the statement is still fresh and intense." Id. quoting 1 Weissenberger's Ohio Evidence (1992), Section 803.16.
 {¶ 19} In Taylor, the Supreme Court of Ohio delineated a four prong test for admission of evidence as an excited utterance:
"(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration."
(Emphasis sic.) Id. at 300-301, quoting Potter v. Baker (1955),162 Ohio St. 488, 124 N.E.2d 140, paragraph two of the syllabus; Ducey at ¶ 19; State v. Holloway, Franklin App. No. 02AP-984, 2003-Ohio-3298 at ¶ 23.
 {¶ 20} The admission or exclusion of evidence, including the determination of whether a hearsay declaration is admissible as an excited utterance, lies in the trial court's sound discretion. Ducey at ¶ 18; State v. Sage (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Holloway at ¶ 14, citing Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 21} In support of its position that the court properly admitted Thompson's statement as an excited utterance, the State relies upon Statev. Cornell (1998), 129 Ohio App.3d 106, 717 N.E.2d 361. In Cornell, we found a police officer permissibly testified at trial regarding the statements made to him by the victim within ten minutes after an altercation with the defendant. We concluded the victim's statements qualified as excited utterances under Evid.R. 803(2), as the statements were made briefly after the altercation. Further, we found the defendant did not demonstrate that the victim's state of intoxication at that time resulted in her statements to the police officer being unreliable and untrustworthy. We stated that, "intoxication alone, as a matter of law, [does not] necessarily result in fabrication or lack of the requisite indicia of reliability." Id. at 367.
 {¶ 22} In reaching our decision in Cornell, we relied upon State v.Wallace (1988), 37 Ohio St.3d 87, 524 N.E.2d 466, in which the Supreme Court of Ohio concluded that questioning by a police officer does not necessarily render a declarant's statements inadmissible for purposes of the excited utterance exception. Specifically, Wallace held "[t]he admission of a declaration as an excited utterance is not precluded by questioning which: (1) is neither coercive nor leading, (2) facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties." Id. at paragraph two of the syllabus.
 {¶ 23} We find the State's reliance on Cornell is proper. When Hanna arrived at the scene of the incident, appellant and Thompson were still in the midst of the altercation. Hanna testified that the events that ensued after his arrival happened "rather quickly," and he spoke with Thompson immediately after appellant fled from the scene. Id. at 15. Hanna described Thompson's appearance, noting she was "shaking and crying," and her lip had just begun to swell. Under the circumstances, the trial court reasonably could have found Thompson's declarations related to the altercation were made while she was under the stress of excitement caused by the altercation with appellant, and demonstrate the unreflective and sincere expression of her actual impressions and beliefs. Therefore, the trial court did not abuse its discretion in admitting the statement under the excited utterance exception to the hearsay rule.
 {¶ 24} In further support of his first assignment of error, appellant contends the admission of Thompson's statement through Hanna's testimony violates the Confrontation Clause, which guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." In support of his argument, appellant relies on the recent United States Supreme Court case ofCrawford v. Washington (2004), 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354, in which the Court held that out-of-court testimonial statements by a witness who did not testify at trial were inadmissible against the defendant unless the witness was unavailable to testify at trial and the defendant previously had an opportunity to cross-examine the witness. Id. at 1365. Appellant asserts that Thompson's statement was testimonial in nature, as the statement was made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.
 {¶ 25} However, in State v. Banks, Franklin App. No. 03AP-1286,2004-Ohio-6522, we held that "Crawford only applies to statements that are, in fact, hearsay, and that are not subject to common-law exceptions to the hearsay rule, such as excited utterances." Id. at ¶ 18. Because we have previously determined that Thompson's statement is admissible as an excited utterance, we find appellant's reliance upon Crawford is misplaced. Based on the foregoing, the admission of Thompson's statement through Hanna did not violate appellant's rights under the Confrontation Clause. Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} In his second assignment of error, appellant claims the trial court erred, through its denial of his Crim.R. 29 motion for acquittal, in finding the State proved the elements of R.C. 2919.25. Specifically, appellant asserts the State failed to prove in its case in chief that Thompson was a family or household member. First, appellant argues the State failed to offer sufficient evidence that appellant and Thompson were currently residing together or had resided together in the past as required under the definition of family or household member. Appellant contends that Thompson's statement to Hanna that "she got in a fight with her husband" does not prove that she lived with appellant at any time. Further, appellant asserts Thompson did not testify in the State's case in chief, and appellant's previous conviction involving "Donna Thompson, a family or household member" is not conclusive evidence that the current alleged victim is the same Donna Thompson. Id. at 41.
 {¶ 27} The State argues that the trial court did not err in overruling appellant's motion for acquittal. The State asserts that the evidence adduced in its case in chief established that appellant was Thompson's husband. Further, the State emphasizes that appellant stipulated, in relation to appellant's prior conviction, that as of November 25, 2002, Donna Thompson was a family or household member. As such, the State contends that the jury was entitled to infer that if Thompson was a family or household member in relation to appellant in November 2002, then she was entitled to be considered the same in March 2003.
 {¶ 28} Crim.R. 29 provides in relevant part:
(A) Motion for judgment of acquittal
The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 {¶ 29} A Crim.R. 29 motion for acquittal tests the sufficiency of the evidence presented at trial. The trial court is authorized to enter a judgment of acquittal if the evidence presented is insufficient to sustain a conviction on the offense charged. State v. Presley, Franklin App. No. 02AP-1354, 2003-Ohio-6069 at ¶ 56, citing State v. Apanovitch
(1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394. In ruling on a Crim.R. 29(A) motion, the trial court is required to construe the evidence most strongly in favor of the State, the party against whom the motion has been directed. State v. Simpson, Franklin App. No. 01AP-757, 2002-Ohio-3717 at ¶ 88; State v. Fyffe (1990), 67 Ohio App.3d 608, 613,588 N.E.2d 137, citing Cincinnati v. Robben (1982), 8 Ohio App.3d 203, 8 OBR 274, 456 N.E.2d 1255. An appellate court will not reverse the trial court's denial of a Crim.R. 29(A) motion where the evidence, viewed in a light most favorable to the prosecution, would convince the average mind of appellant's guilt beyond a reasonable doubt. Presley at ¶ 56 citingState v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 30} R.C. 2919.25, the domestic violence statute, provides in relevant part:
(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
* * *
(F) As used in this section and sections 2919.251 [2919.25.1] and 2919.26 of the Revised Code:
(1) "Family or household member" means any of the following:
(a) Any of the following who is residing or has resided with the offender:
(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 31} In support of its position, the State cites State v. Williams
(1997), 79 Ohio St.3d 459, 683 N.E.2d 1126. In Williams, the Supreme Court of Ohio defined "cohabitation" in relation to "a person living as a spouse" under R.C. 2919.25. In its analysis, the court examined the definition of family or household member, and declined to adopt a limited definition of "reside" which would limit family or household members to those who actually share one residential address. Instead, the Williams
court held "the offense of domestic violence * * * arises out of the relationship of the parties rather than their exact living circumstances." Id. at 464. Thus, the court found the trial court could have reasonably concluded that the defendant and the victim were cohabitating, as they shared familial or financial responsibilities; and their relationship included consortium.
 {¶ 32} We agree with the State's position and reliance on Williams. In this case, Hanna offered testimony that Thompson stated "she got in a fight with her husband" and that they were "back together." Further, the parties stipulated that appellant had previously been convicted of negligent assault involving a family or household member, specifically, Donna Thompson. Construing this evidence in a light most favorable to the prosecution, the evidence supports a finding that Thompson was a family or household member in relation to appellant under R.C. 2919.25. Accordingly, we find the evidence provided by the State was sufficient to sustain a conviction of the offense of domestic violence. Crim.R. 29(A). Appellant's second assignment of error is overruled.
 {¶ 33} For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Petree, J., concur.
[1] The two unidentified men did not testify at trial.
[2] In Wallace, the Supreme Court of Ohio held "the admission of a declaration as an excited utterance is not precluded by questioning which: (1) is neither coercive nor leading, (2) facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties." Id. at paragraph two of the syllabus.
[3] After his brief was filed, appellant submitted Crawford v.Washington (2004), 541 U.S. 36, 158 L.Ed2d 177, 124 S.Ct. 1354 as supplemental authority to raise his argument that the admission of Thompson's statement through Hanna violates the Confrontation Clause (see discussion, infra.). We note that this argument is a separate and distinct challenge to the admissibility of this statement into evidence, in addition to appellant's argument that this statement is inadmissible hearsay. We find this argument is properly before us, as the State did not object to appellant's submission of Crawford as supplemental authority, and the parties fully argued the application of Crawford in oral argument.