LANDSKRONER, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Landskroner *v.* Pub. Util. Comm. (1983), 5 Ohio St. 3d 96.]

(No. 81-1804—Decided June 1, 1983.)

---

[1] Subsequent to the filing of this complaint, Ohio Bell instituted new billing procedures for mobile telephones, itemizing all local and long-distance calls.

Mr. *Lawrence A. Landskroner,* pro se.

Mr. *William J. Brown,* attorney general, Mr. *Marvin I. Resnik* and Ms. *Marsha Rockey Schermer,* for appellee.

Mr. *Ronald L. Orloff* and Mr. *Charles S. Rawlings,* for intervening appellee.

*Per Curiam.* In his first proposition of law, appellant argues that Phillip Way was a lay witness and therefore, it was unlawful and unreasonable for the commission to rule that his opinion testimony was inadmissible due to appellant's failure to identify him as an expert prior to the hearing. Essentially, it is appellant's contention that a witness who testifies from personal knowledge should be classified as a lay witness, even though the testimony is based upon the witness' expertise in a technical area.

A "lay witness" is defined as a "[p]erson called to give testimony who does not possess any expertise in the matters about which he testifies. * * *" Black's Law Dictionary (5 Ed. 1979) 799. In contrast, this court has defined an "expert witness" as one who testifies concerning "* * * matters of scientific, mechanical, professional or other like nature, requiring special study, experience or observation not within the common knowledge of laymen * * *." *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77 [40 O.O.2d 87], paragraph one of the syllabus. Similar language is used in Evid. R. 702 describing expert testimony, and Evid. R. 703, governing the bases for expert opinion provides that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference *may be those perceived by him* or admitted in evidence at the hearing." (Emphasis added.) Thus, the fact that an expert testifies from personal knowledge does not remove him from the classification of expert witness. It was established on direct examination that Way possessed particular expertise regarding mobile telephone units and the network of equipment necessary for their operation. Inasmuch as the opinions he sought to render were based upon his technical knowledge and experience, we find that he was properly characterized as an expert witness and subject to the commission's rules governing the admission of expert testimony.

---

[2] The commission has also filed a motion to dismiss this appeal for the reason that copies of the tape recording sought to be admitted at the hearing were not included in appellant's record. We find, however, that the actual tape is unnecessary for a resolution of this appeal and accordingly, the commission's motion is denied.

In his remaining propositions of law, appellant challenges the commission's decision not to admit the tape recording in evidence. We find that the commission was authorized by Ohio Adm. Code 4901-1-23, to exclude the recording for the reason that it had been requested during discovery but was not provided. Moreover, appellant has shown no prejudice as a result of this ruling inasmuch as he was permitted to testify as to the contents of the tape recording.

The commission's order, being neither unreasonable nor unlawful, is hereby affirmed.

*Order affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J.P. CELEBREZZE, J., not participating.