The STATE of Ohio, Appellee,

v.

FYFFE, Appellant.

[Cite as *State v. Fyffe* (1990), 67 Ohio App.3d 608.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1.

Decided May 10, 1990.

*Michael Miller*, Prosecuting Attorney, *Katherine Press* and *John Browning*, for appellee.

*Donald Lynn Billman*, for appellant.

BOWMAN, Judge.

Appellant, John D. Fyffe, met Dollie Traugott in December 1984. Throughout the following months, up until October 1985, appellant did numerous home repairs for Traugott, for which he was paid including: working on the L-shaped porch on the front and side of the house, sealing the back roof, putting a new roof on the back of the house, repairing a rear window, working on the garage, replacing an outside water faucet, fixing a back porch concrete pad and fixing the gutters.

On October 1, 1985, Traugott and appellant met to discuss other home repairs, including resurfacing and installing a turnaround in the driveway.

Appellant worked on the other home repairs and, on October 3, returned to make final preparations for finishing the driveway. At that time, appellant was arrested and was charged with grand theft, pursuant to R.C. 2913.-02(A)(3), in that appellant knowingly obtained or exerted control over $6,566 by deception by charging Traugott for home repairs which were not done. After a trial to the court, appellant was found guilty and was sentenced.

Appellant now brings this appeal and asserts the following assignments of error:

"1. It was an abuse of discretion for the trial court to qualify the state's witness Kurt Grashel as 'an expert in the housing industry and qualified to testify as to matters pertaining to housing construction.'

"2. It was error for the trial court to overrule objections to the state's 'expert' witness Grashel's answering questions calling for an opinion when that witness has 'presumed' or 'assumed' certain facts which have not been directly perceived by him and are not otherwise in evidence—therefore such questions were put without the laying of a proper foundation—as required by Evidence Rule 703.

"3. It was error for the trial court to hold that in reviewing the evidence—upon a Rule 29 motion to acquit made at the conclusion of the state's case—he did so '... in the light most favorable to the prosecution ...' and thereby shifting the burden of proof beyond a reasonable doubt from the state to the defendant thereby denied the defendant a fair trial, the right not to testify and effective assistance of counsel.

"4. It was error for the trial court not to have acquitted the defendant of the criminal charge of grand theft at the conclusion of the trial because the evidence was insufficient to overcome the presumption of innocence or to meet the requirement of proof beyond a reasonable doubt.

"4–A: Criminal trial by expert witness has its limits and when that witness testifies upon 'presumed' or 'assumed' occurrences or nonoccurrences which he deems to be 'facts' as concerned repairs to a house nearly three years before such witness first saw the house lacks probative value and is insufficient to even be considered in a criminal case.

"4–B: When the state calls as its witness a person who[m] it characterizes as the 'victim,' and that person is deemed competent, the failure of that person to articulate a 'complaint' on the level of a criminal offense there is insufficient evidence for a conviction.

"5. It was an abuse of discretion for the trial court to order the defendant to '... pay restitution of five thousand dollars ($5,000.00) ...' as that amount was not established to a reasonable degree of certainty.

"6. It was error for the trial court to deny defendant's Rule 29 motion for acquittal, after the verdict, as upon consideration of all the evidence it was conclusively established that the dispute here was civil and not criminal."

In his first assignment of error, appellant asserts that the trial court abused its discretion by qualifying Kurt Grashel as an expert in the housing industry and qualified to testify as to matters pertaining to housing construction.

The qualification of an individual as an expert is a matter for determination by the trial court on the facts, and rulings with respect to such matters will not be reversed unless there is a clear showing that the trial court abused its discretion. *State v. Maupin* (1975), 42 Ohio St.2d 473, 71 O.O.3d 485, 330 N.E.2d 708. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

This court finds that the trial court did not abuse its discretion in determining that Grashel was an expert witness. An expert witness is one who testifies concerning matters of scientific, mechanical, professional or other like nature, which requires special study, experience, or observation not within the common knowledge of laymen. *Landskroner v. Pub. Util. Comm.* (1983), 5 Ohio St.3d 96, 5 OBR 176, 449 N.E.2d 760.

During voir dire, Grashel testified that he is a construction consultant who owns three businesses: American Standards Home Inspections, Commercial Building Inspection Services, and Corporate Ohio Relocations Services. He has a city of Columbus contractor's license, is a master plumber, a licensed heating contractor, a sewer tapper, and a state-certified building inspector. Grashel served on the Home Improvement Licensing Board and he currently performs building inspections for the city of Bexley. Grashel also participates in continuing education, by attending and speaking at seminars. Based on this background and experience, this court cannot say that the trial court abused its discretion in determining that Grashel was an expert in the housing industry. Appellant's first assignment of error is not well taken.

In his second assignment of error, appellant asserts that the trial court erred in overruling his objections to Grashel's answering questions calling for an opinion when Grashel had presumed or assumed facts which had not been directly perceived by him and which otherwise were not in evidence. Essentially, appellant contends that there was not a proper foundation laid on which Grashel could base an opinion as required by Evid.R. 703.

Evid.R. 703 provides:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."

Evid.R. 703 clearly requires that the facts or data upon which an expert bases an opinion must be those perceived by him, or admitted in evidence at the hearing. *State v. Jones* (1984), 9 Ohio St.3d 123, 9 OBR 347, 459 N.E.2d 526. See, also, *State v. Chapin* (1981), 67 Ohio St.2d 437, 21 O.O.3d 273, 424 N.E.2d 317.

■ Grashel testified that he inspected and rendered a report on Traugott's property based on a typed list of specifications which was given to him by the prosecutor's office, as well as two of the three repair statements which appellant prepared for Traugott prior to doing the work on her home. These documents were all admitted into evidence at the trial. Thus, Grashel's opinion was based upon things he perceived when he inspected Traugott's property, as well as other data which was admitted into evidence at trial. The trial court did not err in permitting Grashel to base his opinion on this data, and the assumptions or presumptions which Grashel used in rendering his opinion on the repairs go to the weight and credibility of his testimony, which is a question for the trier of fact to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. Appellant's second assignment of error is not well taken.

In his third assignment of error, appellant asserts that he was denied a fair trial because the trial court ruled on appellant's Crim.R. 29 motion to acquit made at the conclusion of the state's case in a light most favorable to the prosecution thus shifting the burden of proof from the state to appellant. Essentially, appellant asserts that the trial court erred when, in ruling on appellant's Crim.R. 29 motion to acquit, the trial court viewed the evidence in the light most favorable to the prosecution.

■ When a question is before a trial court on a defendant's motion for judgment of acquittal, the trial court is required to construe the evidence most strongly in favor of the state, the party against whom the motion has been directed. *Cincinnati v. Robben* (1982), 8 Ohio App.3d 203, 8 OBR 274, 456 N.E.2d 1255. See, also, *State v. Uhler* (1979), 61 Ohio Misc. 37, 15 O.O.3d 457, 402 N.E.2d 556. Accordingly, the trial court did not err when it looked at the evidence in the light most favorable to the prosecution in ruling on appellant's motion. As a result, the burden of proof did not shift and appellant was not denied a fair trial. Appellant's third assignment of error is not well taken.

Appellant's fourth and sixth assignments of error are related and will be considered together. In these assignments of error, appellant asserts that the

trial court erred in not acquitting appellant at the conclusion of the trial since the state failed to prove all of the elements of the crime beyond a reasonable doubt.

■ Crim.R. 29(A) provides that the trial court, upon motion of a defendant after the evidence on either side is closed, shall order the entry of a judgment of acquittal of the offense charged in the indictment if the evidence is insufficient to sustain a conviction of the offense. The state is required to prove all the elements of the crime beyond a reasonable doubt, including those elements relating to the body or the substance of the crime and the act and criminal agency of the act. *State v. Scott* (1983), 8 Ohio App.3d 1, 8 OBR 1, 455 N.E.2d 1363.

R.C. 2913.02 provides:

"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either * * *.

" * * *

"(3) By deception[.]"

R.C. 2901.22(B) defines "knowingly" as:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

R.C. 2913.01(A) defines "deception" as:

" * * * [K]nowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission which creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

Thus, in this case, the state had to prove beyond a reasonable doubt that appellant knowingly deprived Dollie Traugott of property, *i.e.*, money, by deception. See *State v. Jacobozzi* (1983), 6 Ohio St.3d 86, 6 OBR 126, 451 N.E.2d 749.

■ This court's task is to determine whether the state's evidence was sufficient to establish beyond a reasonable doubt that appellant was guilty of grand theft by deception. A reviewing court may not reverse a judgment of conviction in a criminal case where the guilty verdict was returned by the trier of fact on sufficient evidence and no prejudicial error occurred in the trial of the case. *DeHass, supra.* Thus, the standard of review is limited to a

determination of whether there is sufficient evidence to support a finding of guilty. *State v. Stewart* (1964), 176 Ohio St. 156, 27 O.O.2d 42, 198 N.E.2d 439, certiorari denied (1964), 379 U.S. 947, 85 S.Ct. 443, 13 L.Ed.2d 544. However, where the evidence is such that the evidence offered by the prosecution in support of the elements of the offense charged is so insubstantial and insufficient, and of such slight probative value, that it is not proper to make a finding beyond a reasonable doubt that appellant committed all of the acts constituting the elements of the offense, a reviewing court must reverse, rather than affirm, the conviction. Compare *State v. Barnes* (1986), 25 Ohio St.3d 203, 25 OBR 266, 495 N.E.2d 922, certiorari denied, *Barnes v. Ohio* (1987), 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 701.

■■■ In this case, the evidence does not support a finding that appellant knowingly deprived Traugott of her money by deceiving her. Although Grashel testified that, in his expert opinion, appellant charged too much for the work he performed, as well as did not perform the work in accordance with Grashel's standards, there is no evidence that appellant charged Traugott more for his work than he would have charged anyone else. Nor is there any evidence that appellant told Traugott he would use certain materials and certain procedures on the repairs and then did not use those materials or procedures. In addition, Grashel's testimony as to the cost of the repairs was based on labor for new construction and, since appellant's work involved repairing existing structures, the repairs might have taken longer or have been more involved than Grashel's projections indicate, thus reflecting an increase in the charges. Simply because appellant charged more for his work than someone else might have, and simply because appellant did not complete the work in accordance with Grashel's standards, does not prove that appellant knowingly deprived Traugott of services or her money by deceiving her. Further, except for the driveway, there was not any evidence that appellant accepted money for work that was not done, even if not done to Grashel's estimate of costs or standards of work. As to the driveway, appellant was working on it the day he was arrested and was prevented from completing the work. Any funds expended by Traugott for driveway repairs could be recovered in a civil action.

In addition, the trial court, in its decision stated:

" * * * I have considered the credibility of the witnesses who have testified in this case, and I found—I find that the testimony of Dollie Traugott, the victim in this case, is extremely credible. * * * "

However, the evidence shows that Traugott could not identify the first statement appellant gave her for the work he did, could not remember paying appellant to build a turnaround and put limestone gravel on her driveway,

could not remember whether or not appellant gave her the statements for the work he did, and could not remember that she gave her cancelled checks to the sheriff and, in fact, testified that she did not know how the sheriff's office got the checks.

Dan Casper, a detective with the Franklin County Sheriff's office, testified that Traugott gave him the checks she wrote to appellant, as well as the three statements for work appellant did, when he was at her home. Casper also testified:

"Q. Do you have any explanations why she would testify that she had no idea how they [the checks] got here or who had them?

"A. Yes.

"Q. What is that?

"A. Dollie is, in my opinion, not current on a whole lot of affairs. I mean, she doesn't remember everything that transpires.

"* * *

"[Q.] My recalling of your testimony is that Exhibit No. 2 and Exhibit No. 3, both of which are statements, were given to you by Dollie Traugott?

"A. That's correct.

"Q. And did Dollie Traugott also give you State's Exhibit No. 1, which is also a statement?

"A. Yes, she did.

"Q. And I guess that your explanation as to why she would testify she had never seen Exhibit 1 before is that she forgets things?

"A. That's true."

However, even if the trial court found Traugott's testimony to be credible, the elements of theft by deception were not proven beyond a reasonable doubt. There is no evidence that appellant deceived Traugott by misrepresenting to her that he was giving her a "deal" on the price he charged for his work, that he never intended to do the work, or that he would do the work in a specific manner and then did it in some other way. Except for her concerns about the driveway, Traugott never articulated her complaints about some of the work to appellant that appellant did not attempt to correct. In fact, both Traugott and appellant testified that appellant tried to correct some of the things about which Traugott had complaints; however, Traugott would not let appellant on her property to complete the repairs. The mere fact that appellant charged Traugott more for the repairs than Grashel would have charged does not constitute theft by deception.

Accordingly, this court finds that there is insufficient evidence permitting the trial court to find appellant guilty beyond a reasonable doubt of knowingly depriving Traugott of property or services by deception. If anything, the evidence at trial presents a typical breach of contract action where the alleged breach constitutes a failure of substantial performance of the contract by appellant. Appellant's fourth and sixth assignments of error are well taken.

In his fifth assignment of error, appellant asserts that the trial court abused its discretion in ordering appellant to pay restitution in the amount of $5,000 when that amount of damages was not established to a reasonable degree of certainty.

 The right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.

 Because this court, in ruling on appellant's fourth and sixth assignments of error, found that there was insufficient evidence to find appellant guilty of grand theft beyond a reasonable doubt, any error by the court in determining the amount of restitution was harmless and appellant's fifth assignment of error is not well taken.

For the foregoing reasons, appellant's first, second, third and fifth assignments of error are overruled and his fourth and sixth assignments of error are sustained. The judgment of the trial court is reversed and appellant is discharged.

*Judgment reversed.*

REILLY, P.J., and McCORMAC, J., concur.