DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a decision of the Lucas County Court of Common Pleas which, after a finding of guilt following a jury trial, granted appellee Shirley A. Baker's motion for acquittal.
The following facts were adduced during the trial on June 14 and 15, 1999. Appellee, Shirley Baker, had resided with James Hardy at his house located at 5517 Pyle Drive, Sylvania, Lucas County, Ohio, since 1991. The couple were not married. On November 24, 1997, Hardy was killed in an industrial accident. Upon his death, a dispute arose between appellee and Hardy's son, Brian, regarding the distribution of his property.
Brian Hardy testified that two days after his father's death he, his sister and his wife went to the Pyle Drive home in order to discuss what was to be done with his father's home and personal property. Appellee was at the home as well as her daughter and son-in-law. Brian testified that appellee requested that they leave and, when they refused, she called the police.
Brian further testified that his father had purchased an old safe earlier that year from a co-worker. He stated that he had been given the combination but that he never had the opportunity to use it. Brian testified that his father only opened the safe when appellee was not there and that the safe contained a large amount of money.
Locksmith Shannon Kameron testified that in November 1997, the day before Thanksgiving, he received a call from his employer to open a safe at the Pyle Drive address. He told appellee's son-in-law, David Todd Giles, that he could either take more time and open the safe from the front or cut the back out. Giles opted for the latter which was less expensive. Cameron was paid from an envelope from the safe and stated that there were possibly two to four envelopes total. He saw nothing other than envelopes in the safe.
Appellee testified that she and James Hardy essentially lived on a cash basis. Appellee worked part-time as a nurse's aide and, as previously mentioned, Hardy worked a full-time industrial job. She stated that they cashed their paychecks and deposited the money into the safe. Appellee had a bank account to which her ex-husband's social security checks were deposited and Hardy maintained a small savings account in order to be able to cash his paychecks. Appellee testified that she paid the telephone bill and purchased groceries for the household.
When questioned about the safe, appellee stated that she had the safe opened and admitted doing so when she spoke with police. She testified that there was approximately $2,000, a Masonic ring and a handgun in the safe when it was opened. Appellee kept $1,000, gave the other $1,000 to Brian Hardy's attorney and took the ring to Brian's house so his father could be buried with it on. Soon after Brian and his family learned that the safe had been opened, appellee, her daughter, and her son-in-law were indicted for safecracking and tampering with evidence.
During the course of the trial, appellee made numerous motions for acquittal pursuant to Crim.R. 29. The first motion was made at the close of the state's case. At that time, appellee argued that the state failed to prove an element of safecracking, intent to commit an offense. The trial court denied the motion. The motion was again raised at the close of appellee's case and denied. The jury returned guilty verdicts as to both counts in the indictment. After the jury was polled, appellee again raised her Crim.R. 29(C) motion and it was denied. Sentencing was scheduled for July 16, 1999.
On June 29, 1999, appellee filed a "Renewal of Rule 29(C) Motion and/or Motion for New Trial." The state filed a memorandum in opposition. A hearing was held on the motion on July 19, 1999. At that time, the trial court granted the motion and, after proposed judgment entries were filed by both parties, signed the appellee's proposed judgment entry on July 26, 1999. The order was filed and journalized on July 28, 1999. Appellant then timely filed this notice of appeal.
Appellant now raises the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S RENEWAL OF THE RULE 29(C) MOTION
 "A. It Was An Abuse Of The Trial Court's Discretion When It Granted Appellee's Crim.R. 29(C) Motion, Which It Had Previously Denied
 "B. The Trial Court Did Not Apply The Correct Standard When It Granted Appellee's Crim.R. 29(C) Motion
 "C. The Trial Court Erred In Its Interpretation Of `Value' As It Applies To R.C. 2921.12"
In its assignment of error, appellant's first and second sub-arguments relate to the sufficiency of the evidence. Accordingly, we will combine our discussion of the arguments.
Appellant agues that the trial court abused its discretion when it granted appellee's Crim.R. 29(C) motion.[1] In essence, the state argues that the trial court's actions were unreasonable and arbitrary in light of its previous rulings on the motion and the trial court's finding that there was sufficient evidence presented at trial to sustain a conviction.[2]
At the outset we note that an abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219.
Appellant also argues that the trial court did not properly apply the standard for a motion of acquittal. The trial court made the following findings at the July 19, 1999 hearing:
 "I've read both of your memorandums and the motion, and it's the Court's finding, it isn't so much a finding as a thought. Tampering with evidence section goes to something impairing the value of evidence and the availability of evidence in a proceeding, be it the safe, is still there, and so there's no impairing of its availability of evidence, no impairing its value as evidence or availability as evidence, it's still there, and so, it's the court's finding and decision that the tampering with evidence count is not proven and, therefore, the safecracking would fail, too, because of — that's the underlying offense.
 "* * * I came so awful close to directing a verdict at the close of the State's case and it was well tried, and didn't think in any way that the jury would bring in a conviction, but I was wrong and so, therefore, that's kind of my thoughts behind this. I'm granting your motion and entering a judgment of acquittal."
Pursuant to Crim.R. 29(A), a trial court shall not enter an entry of judgment of acquittal "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element has been proved beyond a reasonable doubt."State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio set forth this court's standard of review as to sufficiency of evidence:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
When an appellate court reviews a trial court's decision regarding a motion for acquittal, the appellate court must construe the evidence in a light most favorable to the state.State v. Fyffe (1990), 67 Ohio App.3d 608, 613; State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. Further, upon appellate review, the court may not substitute its judgment for the trier of fact on issues as to the credibility of witness testimony. State v. Walker
(1978), 55 Ohio St.2d 208, 212.
Appellee was convicted of safecracking and tampering with evidence. R.C. 2911.31 defines safecracking as follows: "(A) No person, with purpose to commit an offense, shall knowingly enter, force an entrance into, or tamper with any vault, safe, or strongbox."
Thus, in the instant case, in order to be convicted of safecracking, the state was required to prove that appellee broke into the safe with the purpose of committing the offense of tampering with evidence. R.C. 2921.12(A) provides that:
 "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation; * * *."
Applying the tests set forth in Bridgeman, supra, andJenks, supra, it is evident that when viewed in a light most favorable to the state, the state failed to set forth sufficient evidence establishing the offense of tampering with evidence; specifically, purpose to impair the safe or its content's value or availability as evidence.
Most compelling is the testimony of appellee herself. Appellee testified that she had the safe opened because she feared that Hardy's family would take it from the house or that she would be evicted. (She was served with an eviction notice on December 5.) She stated that: "My purpose in opening the safe was to get what money I did have in there so that I would have money to find some place to live and have some money to live on." When asked whether she intended to keep anything that was not hers she responded negatively. The state presented no evidence that the $1,000 appellee kept from the safe was not hers and, accordingly, would not be included in the probate proceedings. Further, the safe itself was available as evidence in the probate proceeding. Accordingly, the essential elements of tampering with evidence and safecracking were not proven beyond a reasonable doubt, Jenks,supra, and, as such, the trial court did not abuse its discretion when it granted appellee's renewed motion for acquittal pursuant to Crim.R. 29(C).
Appellant further contends that the trial court erroneously interpreted the term of "value" as set forth in the offense of tampering with evidence. Appellant argues that the market value of the safe was diminished when a hole was cut in it.
As to value, the trial court stated:
 "Tampering with evidence section goes to something impa[i]ring the value of evidence and the availability of evidence in a proceeding, be it the safe, is still there, and so there's no impairing its value as evidence or availability as evidence, it's still there, * * *."
Again, R.C. 2921.12, prohibits a person from: "alter[ing], destroy[ing], conceal[ing], or remov[ing] any record, document, or thing, with purpose to impair its value or availability as evidence * * *."
Upon review of the language of the statute, we find that the trial court correctly interpreted the term value to relate to the value of evidence, not market value. The statute deals explicitly with tampering with evidence, not vandalism or other crimes against property. The value or availability of the safe asevidence had not been impaired. Appellant's sole assignment of error is not well-taken.
On consideration whereof, we find that the state was not prejudiced by the granting of the motion of acquittal and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 PETER M. HANDWORK, J., JUDGE, JAMES R. SHERCK, J., JUDGE, MARKL. PIETRYKOWSKI, J., JUDGE, CONCUR.
[1] Crim.R. 29(C) provides that a motion for acquittal may be made under the following circumstances:
 "If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. * * *."
[2] After appellee raised the Crim.R. 29 motion at the close of the state's case, the trial court stated: "I'm going to overrule your motion at this time on your Rule 29 motion. There is evidence of all the elements so we'll go forward."