OPINION
{¶ 1} Defendant-appellant, Todd A. Roberts, appeals his Butler County conviction and sentence for conspiracy to commit robbery. The trial court's judgment is affirmed.
 {¶ 2} In April 2001, Roberts, Robert B. Lewis II, and Gary W. Hall were indicted for conspiracy to commit robbery, a violation of R.C.2911.02(A)(1)[1] and 2923.01(A)(2).[2] The indictment alleged that the trio conspired to rob John Armitage at his house in Franklin, Ohio. Roberts was tried in July 2000. A jury convicted him of the charge, and the trial court sentenced him to a four-year prison term, to be served consecutive to his sentence in another case.
 {¶ 3} Roberts appeals from his conviction and sentence, raising the following assignments of error.
Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/ APPELLANT IN OVERRULING THE APPELLANT'S RULE 29 MOTION AT THE CLOSE OF THE APPELLEE'S CASE."
 {¶ 5} Roberts argues the trial court erred by overruling his Crim.R. 29 motion for acquittal raised at the close of the prosecution's case.
 {¶ 6} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987),33 Ohio St.3d 19, 23. When considering a motion for judgment of acquittal, "the trial court is required to construe the evidence most strongly in favor of the state, the party against whom the motion is directed." State v. Fyffe (1990), 67 Ohio App.3d 608, 613.
 {¶ 7} Roberts' defense counsel moved for acquittal at the close of the state's evidence on the basis that the state failed to present evidence to support the testimony of Roberts' alleged co-conspirators as required by R.C. 2923.01(H)(1).[3] Roberts has abandoned that argument on appeal[4] and now agues that there is no evidence that he was aware that his co-conspirator, Lewis, had a firearm, and that there was insufficient evidence presented to show that he acted with purpose to commit, promote or facilitate a robbery. We find these arguments unpersuasive.
 {¶ 8} R.C. 2901.22 states in relevant part:
 {¶ 9} "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 10} The evidence presented at trial shows that Roberts acted with the specific purpose of aiding Lewis to rob Armitage for money and drugs. Roberts himself acknowledged that he agreed to drive Lewis to Armitage's house, and that he knew Lewis would use force to obtain the money and drugs. Furthermore, testimony from Roberts' co-conspirators showed that Roberts participated in planning the robbery and was "all for it."
 {¶ 11} Roberts' videotaped interview with police, which was played for the jury at trial, shows that Roberts acknowledged he was aware Lewis had a gun with him when they drove to Armitage's house, even though Roberts insisted that he did not actually see Lewis carry the gun to his car. Roberts also acknowledged that he knew Lewis was going to use force to obtain the money and drugs.
 {¶ 12} We conclude that when the evidence presented at Roberts' trial is looked at in a light most favorable to the state, there was sufficient evidence presented to allow the jury to find him guilty beyond a reasonable doubt on each element of the offense of conspiracy to commit robbery.
 {¶ 13} Roberts' first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ENTERING A GUILTY VERDICT TO THE OFFENSE OF CONSPIRACY TO COMMIT ROBBERY, AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A GUILTY VERDICT."
 {¶ 15} Roberts argues the state failed to present sufficient evidence to convict him of conspiracy to commit a robbery. We disagree with this argument. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} We reject this assignment of error for the same reasons set forth in our response to Roberts' first assignment of error. The state presented sufficient evidence to allow the jury to reasonably conclude that Roberts was guilty of conspiracy to commit robbery.
 {¶ 17} Roberts' second assignment of error is overruled.
Assignment of Error No. 3:
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/ APPELLANT BY FAILING TO GIVE A PROPER JURY INSTRUCTION REGARDING THE TESTIMONY OF AN ACCOMPLICE."
 {¶ 19} Roberts argues the trial court failed to properly instruct the jury regarding accomplice testimony pursuant to R.C. 2923.01(H)(2). We find this argument unpersuasive.
 {¶ 20} R.C. 2923.01(H)(2) states:
 {¶ 21} "If a person with whom the defendant allegedly has conspired testifies against the defendant in a case in which the defendant is charged with conspiracy and if the testimony is supported by other evidence, the court, when it charges the jury, shall state substantially the following:
 {¶ 22} "The testimony of an accomplice that is supported by other evidence does not become inadmissible because of the accomplice's complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect the witness' credibility and make the witness' testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 23} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 24} After one of the conspirators, Hall, testified against Roberts, the trial court defined the term, "accomplice" for the jury, and instructed them that testimony from an accomplice should be "viewed with great suspicion and weighed with great caution." The trial court issued a similar instruction to the jury at the close of evidence. Roberts never objected to the trial court's instructions to the jury regarding accomplice testimony.
 {¶ 25} Roberts argues the trial court failed to substantially comply with R.C. 2923.01(H)(2), because it did not inform the jury that an accomplice's admitted or claimed complicity may affect his credibility. Roberts further argues the trial court erred by not using the words, "moral turpitude" or "self-interest," and, therefore did not inform the jury that it could consider those factors in judging Hall's credibility. Roberts acknowledges he failed to object to the trial court's instruction on accomplice testimony, however, and, therefore, he waived all but plain error. But he argues the trial court's instruction regarding accomplice testimony constituted plain error. We find this argument unpersuasive.
 {¶ 26} With respect to an allegedly improper jury instruction, plain error exists only where, but for the error, the outcome of the trial would have been clearly different. State v. Underwood (1983),3 Ohio St.3d 12, syllabus.
 {¶ 27} Certainly, the better practice would be for a trial court to repeat verbatim the instruction on accomplice testimony contained in R.C. 2923.01(H)(2). However, the outcome of Roberts' trial would not have been clearly different had the trial court done so in this case, given the state's evidence against him.
 {¶ 28} Accordingly, Roberts' third assignment of error is overruled.
Assignment of Error No. 4:
 {¶ 29} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/ APPELLANT IN ENTERING A VERDICT OF GUILTY TO THE OFFENSE OF CONSPIRACY TO COMMIT ROBBERY AS THE VERDICT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 30} Roberts argues his conviction was contrary to the manifest weight of the evidence. We disagree with this argument.
 {¶ 31} In reviewing a claim that a judgment is contrary to the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences that can be drawn from it, and consider the credibility of witnesses to determine whether the jury "clearly lost its way" in resolving conflicts in the evidence and "created such a manifest miscarriage of injustice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 32} Notwithstanding Roberts' arguments to the contrary, there is no indication that the jury "lost its way" in sorting out the conflicts in the testimony presented. In particular, Detective Jim Cunningham's testimony that Roberts' told him that he knew Lewis "was gonna take by force whatever he wanted" was a fair summary of what Roberts, in fact, told Cunningham.
 {¶ 33} Roberts' fourth assignment of error is overruled.
Assignment of Error No. 5:
 {¶ 34} "THE DEFENDANT/APPELLANT WAS PREJUDICED AND DENIED DUE PROCESS OF LAW IN THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 35} Roberts asserts that he was denied constitutionally effective assistance at his trial. We disagree with this argument.
 {¶ 36} To obtain a reversal of a conviction on grounds of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced thereby.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To show that his counsel's performance was deficient, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show that he was prejudiced by that deficient performance, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 37} Here, none of the alleged errors in Roberts' defense counsel's performance, when considered individually or collectively, are sufficient to undermine our confidence in the outcome of Roberts' trial. The bottom line is that Roberts' videotaped interview with police, standing alone, was devastating to his chances for an acquittal, and Roberts would have been convicted even if counsel had not committed the errors Roberts alleges she did. Roberts does argue that his counsel was ineffective for not moving to suppress that videotaped interview, but he provides no rationale for suppressing the interview, nor can we think of one.
 {¶ 38} Accordingly, Roberts' fifth assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] {¶ a} R.C. 2911.02 states in relevant part:
 {¶ b} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ c} "(1) Have a deadly weapon on or about the offender's person or under the offender's control."
[2] {¶ a} R.C. 2923.01 states in relevant part:
 {¶ b} "(A) No person, with purpose to commit or to promote or facilitate the commission of * * * robbery * * * shall do either of the following:
* * *
 {¶ c} "(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any of the specified offenses."
[3] R.C. 2923.01(H)(1) provides that "[n]o person shall be convicted of conspiracy upon the testimony of a person with whom the defendant conspired, unsupported by other evidence."
[4] By not resurrecting this issue on appeal, Roberts himself tacitly acknowledges that the state did present evidence supporting the testimony of Robert's co-conspirators that Roberts knew about and supported the plan to rob Armitage. Among other evidence was Roberts' statements to police in which he essentially admitted knowing that Lewis had a gun and would use force on Armitage.