OPINION
{¶ 1} Defendant-appellant, Jonathan Willis, appeals his conviction and sentence in the Butler County Common Pleas Court for theft and forgery. Willis' conviction is affirmed but his sentence is reversed, and this cause is remanded for re-sentencing consistent with this opinion and in accordance with law.
 {¶ 2} In February 2000, Willis was indicted on theft, forgery and abduction charges in the Butler County Common Pleas Court. In September 2000, Willis was tried separately on the abduction charge. A jury found him guilty of that offense, and the trial court sentenced him to five years in prison.
 {¶ 3} In May 2001, Willis was tried on the theft and forgery charges. The state's evidence showed that Willis went to Southwestern Ohio Steel (SOS) ostensibly to fill out a job application. While he was there, Willis stole a payroll check for $604.16, made out to a David Engle. The next day, Willis cashed the check at the nearby Hamilton Inn, renting a room for $150 and receiving the remainder in change. Willis endorsed the check with the name "David Engle."
 {¶ 4} To prove its charges against Willis, the state presented the testimony of Bonnie Fliehman and Umesh Upadhyay. Fliehman is an SOS employee. She handed Willis an application and saw him with an extra piece of paper under the application as he was completing it. Fliehman asked Willis several times if he had stolen a check, and Willis denied doing so. Upadhyay is the Hamilton Inn's manager who cashed the check for Willis and identified Willis from a photo array. The state also presented the expert testimony of D. Steven Greene who testified that it was his opinion within a reasonable degree of scientific certainty that the job application and hotel registration card were probably written by the same person.
 {¶ 5} The jury found Willis guilty of theft and forgery, and the trial court sentenced him to an 11-month prison term on each of those counts, to be served concurrent to each other and consecutive to the sentence imposed for the abduction charge.
 {¶ 6} Willis appeals his conviction and sentence on the theft and forgery charges, assigning the following errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE FINDING OF GUILT IN THE CASE SUB JUDICE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND THE TRIAL COURT ERRED BY OVERRULING MOTIONS FOR ACQUITTAL RAISED BY DEFENDANT-APPELLANT."
 {¶ 9} Willis argues that the state failed to present sufficient evidence to convict him of theft and forgery and, therefore, the trial court erred by overruling his Crim.R. 29 motion for acquittal. In support, Willis contends that, among other things, Fliehman was unsure that Willis was the person she saw at SOS, and that more than a month had passed between the time Upadhyay initially spoke with police and viewed the photo lineup. We find Willis' arguments unpersuasive.
 {¶ 10} A Crim.R. 29(A) motion for acquittal should not be granted where the evidence presented at trial is such that reasonable minds could conclude that each material element of the crime with which the defendant is charged has been proven beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In ruling on a motion for acquittal, a trial court is obligated to construe the evidence in a light most favorable to the state. State v. Fyffe (1990), 67 Ohio App.3d 608,613.
 {¶ 11} Willis was charged with theft pursuant to R.C. 2913.02(A)(1), which required the state to prove beyond a reasonable doubt that Willis, with purpose to deprive SOS of property, in this case, a payroll check, knowingly obtained or exerted control over it without the consent of SOS or a person authorized to give consent. Willis was also charged with forgery pursuant to R.C. 2913.31(A)(3), which required the state to prove beyond a reasonable doubt that Willis, with purpose to defraud, or knowing that he was facilitating a fraud, uttered,[1] or possessed with purpose to utter, any writing that Willis knew to have been forged.
 {¶ 12} The state presented ample evidence to convict Willis of theft and forgery. Although Fliehman testified that she was not 100 percent certain that Willis was the man who filled out the application on the day the payroll check was discovered missing, Upadhyay was able to identify Willis within 15 seconds of seeing Willis' picture in a photo array. The fact that more than a month had passed between Upadhyay's first interview with police and the time he was shown the photo array did not make his identification of Willis inherently unworthy of belief, particularly when Upadhyay had seen Willis at the Hamilton Inn ten to 15 times. Furthermore, the jury was in the best position to determine whether Upadhyay's identification of Willis was fatally undermined by the fact that he estimated Willis' age to be 25, when Willis had told a police officer at the time of his arrest that he was 39 years old.
 {¶ 13} Additionally, the addresses and Social Security numbers on the job application and hotel registration card were notably similar. The address and Social Security number listed on the job application only differed from those listed on the hotel registration card by a few digits. When he was arrested by police, Willis gave an address and Social Security number similar to those on the job application and registration card.
 {¶ 14} Furthermore, the state's expert witness, D. Steven Greene, testified that the person who completed the job application at SOS was probably the same person who completed the hotel registration card.
 {¶ 15} Given the foregoing, Willis' first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE FINDING OF GUILT IN THE CASE SUB JUDICE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} Willis argues that his convictions for theft and forgery were contrary to the manifest weight of the evidence. However, having considered the evidence presented, as well as the credibility of the witnesses who testified, we conclude that there is no indication that the jury "lost its way" in finding Willis guilty of theft and forgery. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175. The evidence presented at trial weighed heavily in favor of Willis' conviction.
 {¶ 19} Willis' second assignment of error is overruled.
 {¶ 20} Assignment of Error No. 3:
 {¶ 21} "THE TRIAL COURT ERRED BY ADMITTING HEARSAY EVIDENCE OVER THE OBJECTIONS OF TRIAL COUNSEL FOR DEFENDANT-APPELANT."
 {¶ 22} Willis argues the trial court erred in admitting hearsay[2]
statements through the testimony of Detective Gary Thompson. We disagree with this argument. The out-of-court statements admitted through the testimony of Detective Thompson were not admitted to prove the truth of the matter asserted therein, but instead were admitted for legitimate purposes, such as showing why Detective Thompson took the actions he did. See State v. Thomas (1980), 61 Ohio St.2d 223, 232 (extrajudicial statements made by an out-of-court declarant are admissible to explain actions of witness to whom the statement was directed).
 {¶ 23} Willis' third assignment of error is overruled.
 {¶ 24} Assignment of Error No. 4:
 {¶ 25} "THE TRIAL COURT ERRED WHEN IT ADMITTED OPINION TESTIMONY BY STEVEN GREENE, A `DOCUMENT EXAMINER,' WITHOUT PROPER FOUNDATION."
 {¶ 26} Willis argues the trial court erred by admitting the testimony of forensic document examiner, Steven Greene, because the state failed to lay a proper foundation for his expert testimony. Specifically, Willis argues that Greene failed to "set forth a scientifically valid basis" for his opinion. We find this argument unpersuasive.
 {¶ 27} Greene has been qualified in many other cases as an expert document examiner. See, e.g., State v. Loza, 71 Ohio St.3d 61, 76,1994-Ohio-409. "Additionally, `it is a well settled rule in this state * * * [that handwriting comparisons] * * * may be made * * * by persons skilled in handwriting, such as are usually called experts.'" Id. at 77, quoting Bell v. Brewster (1887), 44 Ohio St. 690, 696. Furthermore, even if the trial court erred in admitting Green's testimony because the state failed to lay a proper foundation, any such error was harmless since there was substantial other evidence presented that proved Willis' guilt on the offenses with which he was charged, namely, the evidence referenced in our response to Willis' first assignment of error. SeeState v. Davis (1975), 44 Ohio App.2d 335.
 {¶ 28} Willis' fourth assignment of error is overruled.
 {¶ 29} Assignment of Error No. 5:
 {¶ 30} "THE TRIAL COURT ERRED WHEN IT ADMITTED IRRELEVANT TESTIMONY AT TRIAL."
 {¶ 31} Willis argues that Greene's expert opinion "was not established to be reliable and was therefore ostensibly (sic) irrelevant." We disagree with this argument for the reason set forth in our response to Greene's fourth assignment of error.
 {¶ 32} Willis' fifth assignment of error is overruled.
 {¶ 33} Assignment of Error No. 6:
 {¶ 34} "THE TRIAL COURT ERRED WHEN IT ADMITTED TESTIMONY AT TRIAL WHICH WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE."
 {¶ 35} Willis argues that Greene's testimony was substantially more prejudicial than probative for the reasons he set forth in his fourth and fifth assignments of error. We disagree with this argument for the reason set forth in our response to Willis' fourth assignment of error.
 {¶ 36} Willis' sixth assignment of error is overruled.
 {¶ 37} Assignment of Error No. 7:
 {¶ 38} "THE TRIAL COURT ERRED BY IMPOSING FINES OR COSTS IN THE CASE SUB JUDICE."
 {¶ 39} Willis argues the trial court erred by failing to consider his ability to pay the fines and costs it imposed upon him as part of his sentence.
 {¶ 40} The trial court ordered Willis "to pay all costs of prosecution, counsel costs and any fees permitted pursuant to [R.C.] 2929.18
(A)(4)." This court has held previously that R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay the costs of prosecution. State v. Rivera-Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. Thus, the trial court did not err by ordering Willis to pay the costs of prosecution without considering his present and future ability to pay them.
 {¶ 41} However, the state concedes that the trial court erred by failing to consider Willis' present and future ability to pay "counsel costs and any fees permitted pursuant to [R.C.] 2929.18(A)(4)" without considering Willis' present and future ability to pay them, as it was required to do by R.C. 2929.19(B)(6). See Rivera-Carrillo. Accordingly, on remand, the trial court is instructed to consider Willis' present and future ability to pay the counsel costs and other sanctions authorized by R.C. 2929.18(A)(4) which it imposed upon him.
 {¶ 42} Willis' seventh assignment of error is sustained to the extent indicated.
 {¶ 43} Assignment of Error No. 8:
 {¶ 44} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON SENTENCES IN THE CASE SUB JUDICE."
 {¶ 45} Willis argues the record in this case lacks any findings or comments showing why the trial court ordered that his sentence for theft and forgery be served consecutive to his sentence for abduction. We disagree with this contention. The trial court expressly made the findings in its judgment entry of conviction necessary under R.C.2929.14(E)(4) to impose consecutive sentences on Willis. The trial court noted, among other things, that Willis' history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crimes committed by him. Furthermore, the trial judge elaborated on his reasons for imposing consecutive sentences on Willis at the time of the sentencing hearing. The trial court stated, among other things, that it had seen a presentence report indicating that Willis had never accepted responsibility for his actions.
 {¶ 46} Willis' eighth assignment is overruled.
 {¶ 47} Assignment of Error No. 9:
 {¶ 48} "THE TRIAL COURT COMMITTED SO MANY CUMULATIVE ERRORS WARRANTING A REVERSAL OF DEFENDANT-APPELLANT'S CONVICTION."
 {¶ 49} Willis argues that the trial court committed "several small errors," which may be harmless when considered individually but constitute reversible error when considered cumulatively. Willis does not specify the alleged errors to which he is referring, but presumably means the first eight assignments of error set forth in his brief. However, Willis has failed to persuade us that the trial court committed any error aside from the one we have recognized in response to Willis' seventh assignment of error. Furthermore, to the extent the trial court committed error in allowing Greene's testimony, any such error was harmless for the reasons cited earlier.
 {¶ 50} Willis' ninth assignment of error is overruled.
 {¶ 51} Judgment affirmed in part and reversed in part, and the cause is remanded to the trial court for re-sentencing according to law and consistent with this opinion.
WALSH, P.J., and POWELL, J., concur.
[1] "`Utter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display." R.C. 2913.01.
[2] Evid.R. 801(C), defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."