OPINION
{¶ 1} This is an appeal from a judgment of the Trumbull County Court of Common Pleas, upon a jury verdict, finding appellant, Todd A. Hurd, guilty of two counts of attempted rape and one count of gross sexual imposition.
 {¶ 2} On May 24, 2000, the Trumbull County Grand Jury indicted appellant on: two counts of rape, in violation of R.C. 2907.02(A)(1)(b)(2); two counts of attempted rape, in violation of R.C. 2923.02 and2907.02(A)(1)(b); and, one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The charges stemmed from allegations that appellant had sexually abused the victim, Crystal Hurd ("Crystal"), his adopted daughter, in the summer of 1998.
 {¶ 3} Appellant was tried to a jury on June 11, 2001. The state offered the testimony of Crystalthe victim, her brother, Todd Hurd, Jr. ("T.J."), her mother, Melissa Hurd ("Melissa"), as well as the testimony of family friends, social workers, and a medical doctor. Appellant presented his own testimony as well as the testimony of his sister, Renee Quiggle-Henderson.
 {¶ 4} At the close of the state's case, appellant made an oral motion for acquittal, pursuant to Crim.R. 29. The trial court denied appellant's motion. The matter was submitted to the jury, and, after two days of deliberations, the jury was deadlocked on the two rape charges, but returned a verdict of guilty on the two charges of attempted rape and on the charge of gross sexual imposition.
 {¶ 5} The court conducted a sentencing hearing on June 19, 2001, at which the court sentenced appellant to eight years in prison for each of the attempted rape convictions and five years in prison for the gross sexual imposition conviction, to be served concurrently. On June 26, 2001, appellant filed both a motion for a new trial and a notice of appeal. On June 27, 2001, the trial court filed its judgment entry journalizing appellant's sentence.
 {¶ 6} The trial court denied appellant's motion for a new trial, on July 23, 2001, finding that it no longer had jurisdiction of the case, since appellant had filed a notice of appeal. On July 30, 2001, this court, sua sponte, dismissed appellant's appeal for failure to prosecute.
 {¶ 7} Appellant obtained new counsel and filed a motion for delayed appeal on August 24, 2001. We granted appellant's motion, permitting the instant appeal.
 {¶ 8} Appellant raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in overruling defendant's motion for a directed verdict of acquittal, and denied defendant his constitutional right to due process, because the state failed to offer sufficient evidence of the crimes charged in the indictment.
 {¶ 10} "[2.] The trial court erred in not entering judgment notwithstanding the verdict because the jury's guilty verdicts on counts three, four and five were against the manifest weight of the evidence.
 {¶ 11} "[3.] Trial counsel was ineffective to an extent that significantly prejudiced appellant's defense."
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred by denying his Crim.R. 29 motion for acquittal because the state failed to prove that the offenses were committed during the summer of 1998, as specified in the indictment and the bill of particulars. Appellant argues that Melissa's testimony established that any conduct that might have occurred, occurred in 1997, not 1998.
 {¶ 13} An appellant must renew his Crim.R. 29 motion for acquittal at the close of evidence or any claimed error regarding the Crim.R. 29 motion is waived. State v. Barksdale (June 22, 2001), 11th Dist. No. 2000-L-088, 2001 Ohio App. LEXIS 2808, at *3. A review of the record reveals that appellant failed to renew his Crim.R. 29 motion for acquittal at the close of evidence. Thus, appellant has waived any claimed error regarding the trial court's denial of his motion for acquittal. However, even if we were to consider it, appellant's argument is not well taken.
 {¶ 14} When a defendant makes a Crim.R. 29 motion, he is essentially challenging the sufficiency of the evidence of his conviction. State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528, 1997 Ohio App. LEXIS 4846, at *5. When an appellate court examines a criminal conviction for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 15} Pursuant to R.C. 2941.03, an indictment is sufficient if it contains, among other things, an averment "(E) [t]hat the offense was committed at some time prior to the time of finding of the indictment or filing of the information." In addition, R.C. 2941.08 provides that "[a]n indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected: *** (C) [f]or stating the time imperfectly."
 {¶ 16} The Supreme Court of Ohio has held that "the failure to provide dates and times in an indictment will not alone provide a basis for dismissal of the charges. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible of necessarily fatal to a prosecution." State v. Sellards (1985), 17 Ohio St.3d 169, 171. This is particularly the case when dealing with sex offenses against victims of tender years. State v. Lawrinson (1990), 49 Ohio St.3d 238, 239.
 {¶ 17} At the trial, Crystal the victim testified that her father's conduct had occurred during the summer she entered her fourth-grade year, which would have been the summer of 1998. She would have been ten years old at that time. T.J. testified that he witnessed sexual conduct between appellant and Crystal the victim on six occasions. While T.J. did not state in what year the incidents occurred, he testified that, on several of the occasions, he had been outside swimming and had come inside for a towel when he witnessed the conduct. This testimony supports the allegation that the conduct occurred in the summer.
 {¶ 18} Appellant points to Melissa's testimony to show that the conduct could not have occurred in 1998. When asked when Crystal the victim told her about the conduct, Melissa answered, "probably like '97." Melissa's other references to dates were likewise vague and uncertain. Appellant argues that, because Crystal the victim testified that appellant did not have any further sexual contact with her after she told Melissa about the abuse, the abuse could not have occurred any later than 1997.
 {¶ 19} In an appeal of a denial of a motion for a judgment of acquittal, we are required to construe the evidence most strongly in favor of the state, not in favor of the accused. State v. Fyffe (1990),67 Ohio App.3d 608, 613. Construing the evidence most strongly in favor of the state, reasonable minds could reasonably conclude that Crystal the victim was correct in her testimony as to when these traumatic events occurred, and that Melissa's vague recollection of dates was incorrect.
 {¶ 20} Because reasonable minds could reach different conclusions as to whether the abuse occurred in the summer of 1998 or sometime in 1997, the trial court did not err by denying appellant's Crim.R. 29 motion for acquittal. Appellant's first assignment of error is without merit.
 {¶ 21} In his second assignment of error, appellant argues that the trial court erred by denying his motion for a new trial because the jury's verdict was against the manifest weight of the evidence.
 {¶ 22} First, we note that the trial court did not deny appellant's motion on its merits. The trial court denied appellant's motion for a new trial because appellant filed it on the same day that he filed a notice of appeal, thus divesting the trial court of jurisdiction to consider appellant's motion. Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146; City of RichmondHts. v. Brown (June 29, 2000), 8th Dist. Nos. 76523, 7704, 2000 Ohio App. LEXIS at *8. Though appellant filed a motion for a new trial in the trial court, he never filed a motion with this court to stay the appeal and remand the matter to the trial court for consideration of his motion. Id. at *8-9. Because appellant failed to do so, the trial court did not err by denying his motion for a new trial.
 {¶ 23} Under his second assignment of error, appellant also appears to argue that his conviction was against the manifest weight of the evidence. We will briefly examine his argument.
 {¶ 24} When an appellate court reviews a criminal verdict to determine whether it is against the manifest weight of the evidence, it:
 {¶ 25} "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 26} Appellant argues that, because Melissa testified thatCrystal the victim told her about the abuse in "probably like 97," and because Crystal the victim testified that the abuse stopped when she told her mother, no abuse could have occurred in the summer of 1998. Because of this, appellant argues, the jury's verdict was against the manifest weight of the evidence.
 {¶ 27} First, we point out that "[o]rdinarily, precise times and dates are not essential elements of offenses. Sellards, supra at 171. Thus, "[i]n instances such as the present case, where an illegal course of conduct involving sexual activity with a child of tender years is alleged, and where the evidence supports a finding that the defendant was alone with the victim at various times throughout the relevant time frame, and where the defense is that the illegal contact never occurred, the inability to identify dates and times does not require the reversal of conviction." State v. Lesher (Oct. 8, 1993), 11th Dist. No. 92-G-1681, 1993 Ohio App. LEXIS 4882 at *14-15.
 {¶ 28} In this case, Crystal the victim testified that the sexual contact occurred during the summer of her fourth-grade year, which would have been the summer of 1998. She would have been ten years old at the time. T.J. confirmed that the conduct occurred in the summer, by testifying that he witnessed the conduct on several occasions when he had come in the house from swimming outside. Appellant's friends, Mr. And Mrs. Snowden, testified that, although appellant denied having molested his daughter, he told them that, "if I go down, with this, [Melissa is] going down with me, because she knew about it."
 {¶ 29} Appellant argues that, because Melissa testified Crystal
the victim told her about the abuse in "probably like 97," and becauseCrystal the victim testified the abuse stopped when she told her mother, no abuse could have occurred in the summer of 1998. Melissa, however was very unclear about the date that Crystal the victim told her about being abused by appellant, and was equally uncertain about the dates that other events occurred, including the date of her separation from appellant.
 {¶ 30} The case sub judice is not a case in which the evidence weighs so heavily against the conviction that we must reverse the conviction and grant a new trial. It is not clear that the jury, in resolving this conflict in the evidence, lost its way and created a manifest miscarriage of justice. It was not against the manifest weight of the evidence for the jury to conclude that Crystal, the alleged victim of the sexual abuse, had a clearer recollection of when the abuse occurred than her mother did and that the abuse occurred sometime during the summer of 1998. Furthermore, because the victim was ten years old in 1998 and nine years old in 1997, this is not a case where there is an issue of whether she had reached the age of thirteen when the abuse occurred. Appellant's second assignment of error is without merit.
 {¶ 31} In his third assignment of error, appellant argues that his trial counsel was ineffective because, once he learned that the time period in which the abuse may have happened was widened to include 1997, his counsel did not offer an alibi defense for 1997.
 {¶ 32} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, citing State v. Lytle
(1976), 48 Ohio St.2d 391, Strickland v. Washington (1984), 466 U.S. 668. A licensed attorney is presumed to have rendered effective assistance in representing a criminal defendant; thus, appellant bears the burden of proving ineffective assistance. State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202 at *7.
 {¶ 33} To show ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
 {¶ 34} In this case, appellant has not shown that his counsel's representation fell below the standard of reasonable representation. Appellant was indicted, tried, and convicted for conduct that occurred in 1998. The state never alleged that any conduct occurred in 19981997, and the jury was instructed by the court that, to find appellant guilty, they must find that the conduct occurred "on or about the summer of 1998." Offering an alibi defense for 1997 would not have been helpful at trial because appellant was accused of conduct that occurred in 1998. Appellant's counsel was not ineffective for failing to present such a defense and, instead, seeking to discredit Crystal's the victim's testimony with Melissa's testimony. Appellant's third assignment of error is without merit.
 {¶ 35} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
WILLIAM M. O'NEILL, P.J., and JUDITH A. CHRISTLEY, J., concur.