The State of Ohio, Appellee, *v.* Jacobozzi, Appellant.
The State of Ohio, Appellee, *v.* Elliott, Appellant.

[Cite as State *v.* Jacobozzi (1983), 6 Ohio St. 3d 86.]

(Nos. 82-873 and 82-970—Decided July 27, 1983.)

88

*Mr. Gregory A. White,* prosecuting attorney, *Mr. William F. McKee* and *Mr. Douglas D. MacGillivray,* for appellee.

*Mr. Malcolm C. Douglas,* for appellant Elio Jacobozzi.

*Mr. James L. Walsh,* for appellant Cleon Elliott.

*Per Curiam.*

I

Since both Jacobozzi and Elliott raise the same issue with respect to their respective convictions for perjury, we have consolidated their appeals into a single decision.

R.C. 2921.11 (A) provides:

"No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material."

Thus, in order to sustain a conviction for the offense of perjury, the state must establish beyond a reasonable doubt that a statement made by the accused under oath or affirmation was false. See *In re Winship* (1970), 397 U.S. 358 [51 O.O.2d 323]; *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. Appellants essentially maintain that the state failed to establish beyond a reasonable doubt that either appellant's grand jury testimony was false. As a result, an examination of the state's evidence is necessary.

The state attempted to establish that appellants had committed perjury by the testimony of two witnesses who had rented the premises in question from Elliott and by Jacobozzi's municipal tax return. The two witnesses testified that they had rented the property of which Jacobozzi was the record owner, paid their rent directly to Elliott, understood Elliott to be the owner of the property, had no contact whatsoever with Jacobozzi, and had been eventually evicted by Elliott. Jacobozzi's municipal tax return does show that Jacobozzi depreciated the property during these witnesses' tenancies; however, Jacobozzi did not report any rental income derived from the property.

Construing this evidence in a light most favorable to the prosecution, the state's case fell far short of meeting its burden of establishing all the essential elements of the offense beyond a reasonable doubt. The state failed to produce any evidence which even arguably contradicts appellants' grand jury testimony. In fact, appellants' grand jury testimony is entirely consistent with the evidence offered by the state in support of the perjury charges.

Appellants testified that Elliott never collected rents *on behalf* of Jacobozzi. Appellants did *not* testify that Elliott never collected any rents. Under the state's theory of the case, appellants' perjury convictions can only be sustained if the state produced sufficient evidence to establish beyond a reasonable doubt that Elliott collected rents from property owned by Jacobozzi and then passed the rents on to Jacobozzi. If indeed that was the case, then the state completely failed to present evidence which would so indicate. The evidence offered by the prosecution only tended to establish, if anything, that Elliott held himself out to be the owner of the property and collected rent from tenants that Elliott himself had procured. Jacobozzi's tax return is not supportive of the state's case in view of the fact that the return does not indicate that Jacobozzi received any rental income from the property. The record discloses absolutely no evidence that Elliott, in collecting rents for the subject property, was working for Jacobozzi, or that somehow he was acting as Jacobozzi's agent. Without some proof on this point, the state's contention that appellants' grand jury testimony was perjurious remains totally unsubstantiated.

Accordingly, with respect to the perjury convictions the judgments of the court of appeals are reversed, appellants' convictions for perjury are vacated, and judgments of acquittal on the perjury counts shall be entered as to each appellant.

## II

Elliott also argues that his convictions for grand theft should be reversed. While Elliott raises several issues with respect to the legality of his theft convictions, the only issue properly before the court is whether the state produced sufficient evidence to sustain the grand theft convictions.[2]

Elliott was convicted on two counts of violating R.C. 2913.02. In consideration of the issue raised by Elliott, it is our task to determine whether the state's evidence was sufficient to establish beyond a reasonable doubt that Elliott was guilty of grand theft. *Eley, supra.* For the following reasons, we hold that the state did produce sufficient evidence to sustain Elliott's theft convictions.

Frank G. Mason, the Lorain Director of Community Development, and Eugene Gargasz, the Lorain Community Development Co-ordinator, collectively testified that Elliott had applied for and received payment for completed rehabilitation contracts for the residences of Nicholas Arzuaga and Isabelle Merriam despite the fact that a substantial amount of work had not been completed. For instance, as to the Arzuaga residence, an inspection revealed that Elliott had failed to perform the following as was required under the contract: repair leaking walls, install weather-stripping, patch ceil-

---

[2] Elliott raises several other issues dealing with allegedly irrelevant and inflammatory testimony, as well as the legality of the grand jury proceedings which led to his indictment. None of these matters was objected to at trial and such matters were raised for the first time on appeal. Consequently, we do not consider them in this appeal.

ings, repair the front door, and caulk the bathtub. In addition, Elliott installed an inferior tile in the bathroom, yet charged the full contract price and charged for fixing nonexistent windows and patching nonexistent holes. An inspection of the Merriam residence disclosed that, after receiving payment for the work, Elliott had failed to: repair cracks in the walls and ceiling of the kitchen, properly install ductwork for a new furnace, and install insulation (although installed by Elliott at a later date).

R.C. 2913.02 in part stated:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"* * *

"(3) By deception."

This section went on to provide that if the value of the property or services exceeds $150, the offense is grand theft.

In the case at bar, the state's witnesses testified that Elliott represented to the city that he had completed work under a contract with the city which, in fact, was not completed and received payment therefor. In addition, for each residence, the amount of work for which Elliott was paid but failed to perform, exceeded $150. That being the case, it becomes clear that the state was justified in prosecuting Elliott under R.C. 2913.02 (A)(3), inasmuch as Elliott purposely deprived the owner (the city) of property (money) by deception (Elliott's representation that the work was completed). As a consequence, we hold that the evidence produced by the state was sufficient to sustain Elliott's conviction for two counts of grand theft and that the court of appeals did not err in upholding Elliott's grand theft convictions.

Accordingly, the judgment of the court of appeals is affirmed with regard to Elliott's convictions for grand theft.

*Judgments accordingly.*

CELEBREZZE, C.J., SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents in part and concurs in part.

C. BROWN and J. P. CELEBREZZE, JJ., concur in part and dissent in part.

W. BROWN, J., not participating.

HOLMES, J., dissenting in part and concurring in part. I dissent in this court's reversal of the court of appeals' judgments of affirmance of the perjury convictions of appellants Jacobozzi and Elliott. I dissent, in that it is my belief that the court of appeals perused the records of the trial court proceedings in great detail and reversed and dismissed some of the convictions, and affirmed the others. This precise review of the court of appeals with conclusions as to the sufficiency of the weight of the evidence for such remaining

convictions should not be reweighed by this court in order to produce contrary conclusions.

I concur, however, in this court's affirmance of the court of appeals' judgment of affirmance of appellant Elliott's convictions of two counts of grand theft.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. I concur in the reversal of the perjury convictions of Jacobozzi and Elliott. I dissent from the affirmance of the convictions of Elliott on two counts of grand theft.

The Elliott grand theft convictions stem from his work as a general contractor for the city of Lorain rehabilitating houses in the Lorain inner city. Evidence was produced that Elliott did not perform all the contract work provided in the written contracts but had received payment of the full contract price.

These facts present a typical breach of contract action where the alleged breach constitutes a failure of substantial performance of the contract by the building contractor. The issues arising from such facts should be determined in a civil action between the disputants.

Otherwise, whenever a building contractor fails in any respect to fully perform his contract with the owner and receives payment of the full contract price, he is subject to criminal prosecution for theft under R.C. 2913.02 (A)(3). The General Assembly in enacting this statute could not have intended building contractors to be subjected to criminal prosecution for theft whenever a party to a contract contends the building contractor failed to fully perform the contract although receiving payment of the full contract price.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.