{96} I agree with the majority's decision to reverse Appellant's conviction based on a violation of his right to a public trial. I write separately because our decision to remand the matter for a new trial does not render his first assignment of error moot. In that assignment of error, Appellant challenges the sufficiency of the evidence. If the evidence against him was insufficient, then a judgment of acquittal would have to be rendered in his favor and a new trial on the same charges would violate his right against double jeopardy. Nevertheless, Appellant's first assignment of error is meritless and this matter is being properly remanded for a new trial.
{97} A Crim.R. 29(A) motion for acquittal is a test of the legal sufficiency of the evidence. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-0052. If the evidence is insufficient to support a conviction, then we must vacate the defendant's conviction and enter a judgment of acquittal. State v.Jacobozzi (1983), 6 Ohio St.3d 86, 89. If we remand for a new trial after we conclude that there is insufficient evidence, then we give the prosecutor "another bite at the apple;" double jeopardy protects against a second prosecution for the same offense after an acquittal. State v. Duncan,154 Ohio App.3d 254, 2003-Ohio-4695, ¶ 35.
{98} "[D]ouble jeopardy bars a retrial when a conviction is reversed due to insufficient evidence presented at the first trial. The reasoning is that the appellate court's reversal of a conviction for insufficient evidence is the functional equivalent of a verdict of acquittal and thus bars reprosecution for the same offense. In such a case, the government had a fair opportunity but failed to develop a case that warranted submission to a jury." (Footnotes omitted) Id., citing Burks v.United States (1978), 437 U.S. 1, 11.
{99} The prosecution is not allowed a second chance to present evidence sufficient to convict a defendant of an offense if it failed to introduce sufficient evidence at the defendant's first trial. Thus, the fact that we are remanding the case for a new trial does not render Appellant's first assignment of error moot.
{100} The majority cites a variety of cases for the proposition that a reversal based on improperly submitted evidence moots a sufficiency of the evidence assignment of error. First, it cites this court's decision in State v. Lane (Mar. 19, 1998), 7th Dist. No. 94 B 34, and State v. Lloyd, 7th Dist No. 2001-CO-36, 2002-Ohio-3017. But Lane dealt with whether reversal based on improperly admitted evidence moots a manifestweight argument, not a sufficiency argument. Courts are obligated to order a new trial when a conviction is against the manifest weight of the evidence. See Civ.R. 59(A)(6). This is not the case when a conviction is not supported by sufficient evidence. And it is debatable whether Lloyd moots a sufficiency argument. The appellant in that case did not frame his argument as either a manifest weight or sufficiency argument.
{101} The majority next cites State v. Davis, 2nd Dist. No. 2002-CA-43, 2003-Ohio-4839. But in that case, the appellant's conviction was vacated because of an improper jury form and the appellate court did not remand the matter for a new trial. Thus, it is also distinguishable from this case.
{102} The rest of the cases the majority cites are, indeed, examples of cases which moot sufficiency of the evidence arguments even though they are remanding the case based on improperly admitted evidence. But in at least one of those cases, a judge dissented from the majority's opinion for the same reasons I have. See State v. Halloway (1998),129 Ohio App.3d 790,799 (Lazarus, J., dissenting). And those cases fail to explain their conclusion that the assigned error is moot or cite caselaw supporting their conclusion that the assigned error is moot.
{103} The majority concludes that we cannot conduct a sufficiency of the evidence review after we have held that the trial court improperly admitted certain evidence because "`we would have to consider the very testimony that we have determined was improperly proffered.'" Opinion at ¶ 37, quoting Lane. But its conclusion is contrary to the United States Supreme Court's caselaw on the issue. If the evidence is insufficient to support the conviction, the charges should be dismissed. We should not give the State a second bite to prove what they could not prove with improperly admitted evidence the first time around.
{104} This does not mean that our decision to remand this case for a new trial is improper. Appellant claims he should have been acquitted of rape because there was insufficient evidence of penetration. But Appellant's argument is meritless.
{105} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the fact-finder or whether the evidence is legally sufficient as a matter of law to support a conviction. State v. Smith, 80 Ohio St.3d 89, 113,1997-Ohio-0355. In essence, sufficiency is a test of adequacy.Thompkins at 386. Whether the evidence is legally sufficient to sustain a conviction is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith at 113.
{106} Appellant was found guilty of three counts of rape in violation of R.C. 2907.02(A)(1)(b). That offense is defined as follows:
{107} "No person shall engage in sexual conduct with another * * * when any of * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." Id.
{108} R.C. 2907.01(A) defines sexual conduct as:
{109} "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
{110} At trial, the six-year old victim's testimony was somewhat contradictory. But she clearly indicated that Appellant touched her vagina with his mouth. While the victim sometimes contradicted herself regarding whether Appellant put his penis in her vagina, her testimony that he put his mouth on her vagina is sufficient to prove that Appellant engaged in sexual conduct with the victim.
{111} Appellant argues that he understood that the only sexual conduct the State would attempt to prove would be of vaginal intercourse, not cunnilingus. He contends it would be unfair to convict him of rape for one form of sexual conduct when he believed he was defending against another. But the State did not indicate at any stage of the proceedings that it would only try to prove vaginal intercourse to the exclusion of the other forms of sexual conduct.
{112} Appellant's indictment merely alleges he engaged in sexual conduct, not a particular type of sexual conduct. Likewise, the bill of particulars he was provided merely alleged sexual conduct, not the particular type of conduct. Thus, when the State proved that Appellant engaged in sexual conduct by putting his mouth on the victim's vagina, it was proving exactly what it alleged in the indictment and bill of particulars.
{113} Appellant's failure to narrow the State's focus or to ascertain exactly what sexual conduct the State would attempt to prove at trial is his own. He cannot claim he was prejudiced by not knowing what type of sexual conduct the State would try to prove when he made no effort to find that information. His arguments to the contrary are meritless. Appellant's conviction was supported by sufficient evidence and his first assignment of error is meritless.
{114} I concur in the balance of the majority's opinion that this case should be remanded for a new trial. Trial courts must state the reasons why it is closing a courtroom on the record. This is the only way this court can ensure that the defendant's right to a public trial is not violated. Although a new trial means that the victim must testify once more about the sexual abuse at issue in this case, we cannot ignore a defendant's constitutional protections because the victim is a young child.