JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Albert J. Henry, IV, was convicted of theft by deception pursuant to R.C. 2913.02(A)(3). The record shows that Henry approached the victims, a husband and wife with whom he had a previous business relationship, about purchasing new insurance. At that time, he was not licensed to sell insurance and he was heavily in debt. The elderly victims wrote several checks to Henry for health and nursing-home insurance. When they did not receive any receipts or insurance policies after two weeks, they asked for their money back. Henry's checks to them were dishonored for insufficient funds. Later at a meeting with the victim's daughter, which a local television news crew had secretly recorded, Henry admitted to owing the money to the victims.
Henry presents two assignments of error for review. In his first assignment of error, he contends that the evidence was insufficient to support his conviction. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Henry, with purpose to deprive the victims of their property, had knowingly obtained or exerted control over that property by deception. Therefore, the evidence was sufficient to support his conviction for theft by deception. See Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; State v. Jacobozzi
(1983), 6 Ohio St.3d 86, 451 N.E.2d 749; State v. Merkle, 1st Dist. Nos. C-020454 and C0-30557, 2004-Ohio-1913.
Henry argues that the state relied on evidence that he was not licensed to sell insurance. At the time of the offense, the law required that an individual licensed to sell insurance must have had an appointment from an insurance company, which Henry did not have at the time of the offense. One of the victims testified that it was of no consequence to her that Henry was no longer employed by a certain insurance company. We agree with the trial court when it stated that the licensing issue was not determinative. The evidence showed that Henry exerted control over the victims' funds under the pretense of obtaining insurance for them when he had no intention to do so whether he knew he was not properly licensed or not. Accordingly, we overrule his first assignment of error.
In his second assignment of error, Henry contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot hold that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse Henry's conviction and order a new trial. Therefore, his conviction was not against the manifest weight of the evidence. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272; State v. Hayes, 6th Dist. Nos. L-03-1221 and L-03-1222, 2004-Ohio-6460. We overrule Henry's second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.